**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Brian Borden YOUNG, Defendant–Appellant.**

No. 00–15956.

D.C. No. CV–99–00884–SMM.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Brian Borden Young appeals pro se the district court's summary judgment in favor of the United States in the government's action pursuant to the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001–3308, for unpaid student loans. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998). We affirm.

Because Young failed to create a genuine issue of material fact in response to the government's prima facie case of indebtedness, the district court properly granted summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (summary judgment is appropriate where the documentary evidence produced by the parties permits only one conclusion); *see also Brannan v. United Student Aid Funds, Inc.,* 94 F.3d 1260, 1262 n. 3 (9th Cir.1996).

Because Young does not have a property interest in a college transcript, *see Juras v. Aman Collection Serv., Inc.,* 829 F.2d 739, 742–43 (9th Cir.1987) (per curiam), and because Young's remaining counterclaims are untimely, *see Winter v. United States,* 244 F.3d 1088, 1090 (9th Cir.2001), the district court properly granted the government's motion to dismiss Young's counterclaims.

Because Young failed to satisfy the requirements of Fed.R.Civ.P. 13 and 14, the district court did not abuse its discretion by denying Young's motion to file a third party complaint and by denying Young's motion for extension of time to include a third party. *See* Fed.R.Civ.P. 13; *Stewart v. Am. Int'l Oil & Gas Co.,* 845 F.2d 196, 199–200 (9th Cir.1988).

Young's remaining contentions lack merit.

AFFIRMED.