**Mario ZAPATA, Plaintiff–Appellant,**

**v.**

**C. PICKETT; et al., Defendants–Appellees.**

**No. 00–57141.**

**D.C. No. CV–98–0656–NLS.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001*.

Decided Nov. 14, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Dutta has made several requests for mediation and arbitration in this court. Those requests are hereby denied.

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

## MEMORANDUM ***

Mario Zapata, a California state prisoner, appeals pro se the district court's judgment dismissing his action brought under 42 U.S .C. § 1983 alleging that prison officials acted with deliberate indifference to his health and safety and deprived him of a fair grievance procedure. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both summary judgment, *Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998), and dismissals, *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (per curiam). We affirm.

We conclude that Zapata failed to raise a genuine issue of material fact as to whether defendant May acted with deliberate indifference to Zapata's health and safety. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

As for the remaining defendants, we conclude that the district court did not err in dismissing Zapata's action because he failed to allege any facts demonstrating that any defendant was deliberately indifferent to his health and safety. *See id.*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

Because this case does not present exceptional circumstances, the district court did not abuse its discretion by denying Zapata's request for appointment of counsel. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

AFFIRMED.