Lonnie G. PARTOUT, Plaintiff–Appellant,

and

Adeline Hindley, Plaintiff,

v.

Larry SULLIVAN; Charles E. Woods, Defendants–Appellees.

No. 00–35047.

D.C. No. CV–98–00136–HJF.

United States Court of Appeals, Ninth Circuit.

March 11, 2002 *.

Decided March 18, 2002.

Before CANBY, BEEZER and PAEZ, Circuit Judges.

MEMORANDUM **

Lonnie G. Partout appeals pro se the district court's summary judgment for his former attorneys in his diversity action alleging legal malpractice. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *see Margolis v. Ryan,* 140

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

F.3d 850, 852 (9th Cir.1998), and we affirm.

To prevail on a claim of legal malpractice, Partout must show that the defendants' representation fell below the standard of care and that, had the defendants met the standard of care, he would have prevailed on the underlying claim. *See Butler v. Vanagas*, 135 Or.App. 1, 897 P.2d 1176, 1178 (1995). We conclude that no triable issues exist as to whether Sullivan's or Wood's representation fell below the standard of care, and we affirm the district court's summary judgment on Partout's legal malpractice cause of action.

Partout's contentions that the district court should have allowed oral argument on summary judgment, and denied him his right to a jury trial, lack merit. *See Willis v. Pac. Maritime Ass'n*, 244 F.3d 675, 684 n. 2 (9th Cir.2001) (district court has discretion not to hold oral argument); *Etalook v. Exxon Pipeline Co.*, 831 F.2d 1440, 1447 (9th Cir.1987) (properly granted summary judgment does not violate the Seventh Amendment).

AFFIRMED.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.