Hope FIELDS, Plaintiff–Appellant,

v.

**Barbara BURNETT, individually and as Agent for Legislative Counsel of California; et al., Defendants–Appellees.**

No. 01–16100.

D.C. No. CV–99–01554–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.*

Decided April 16, 2002.

---

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM **

Hope Fields appeals pro se the district court's summary judgment in her action against the Legislative Counsel of California, alleging disability and race discrimination, violations of 42 U.S.C. § 1983 and various torts. We have jurisdiction pursuant to 28 U.S.C. § 1291, and after de novo review, *Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998), we affirm.

The district court properly dismissed Fields' disability discrimination claims against defendants in their official capacities because the claims are barred by the Eleventh Amendment. *See Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 360, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

The district court properly dismissed Fields' disability discrimination claims against defendants in their individual capacities because Fields failed to raise material facts to show that she was disabled. *See Thornton v. McClatchy Newspapers, Inc.,* 261 F.3d 789, 797–98 (9th Cir.2001).

The district court properly dismissed Fields' section 1983 claims against the Legislative Counsel and against individual defendants in their official capacities because the claims are barred by the Eleventh Amendment. *See Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

The district court properly dismissed Fields' section 1983 claims against defen-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

dants in their individual capacities because Fields' failed to raise material facts to show that defendants defamed her, *see Paul v. Davis*, 424 U.S. 693, 706, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), or that she was denied equal protection, *see Sischo-Nownejad v. Merced Comty. Coll. Dist.*, 934 F.2d 1104, 1112–1113 (9th Cir.1991) (noting that because plaintiff failed to establish discrimination under Title VII, equal protection claim under section 1983 also fails).

The district court properly concluded that Fields failed to raise a genuine issue of material fact as to whether the Legislative Counsel's proffered reason for terminating her employment was pretextual. *See Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1437 (9th Cir.1990). Therefore, the district court properly granted summary judgment on her race discrimination claim. *See id.*

The district court properly dismissed Fields' retaliation claim because she failed to raise material facts to show a causal link between the protected activity and the adverse employment action. *See EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 586 (9th Cir.2000).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Fields' state law claims. *See* 28 U.S.C. § 1367(c)(3); *Binder v. Gillespie*, 184 F.3d 1059, 1066 (9th Cir.1999).

AFFIRMED.