**Byron Chapin MYERS, Plaintiff—Appellant,**

v.

**James GOMEZ, Director; et al., Defendants—Appellees.**

No. 01–55729.
D.C. No. CV–94–06396.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 19, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Byron Chapin Myers appeals pro se the district court's partial summary judgment and subsequent jury verdict for defendants in Myers's 42 U.S.C. § 1983 action alleging prison officials violated his constitutional rights when they physically forced him to leave the prison law library, interfered with his legal mail, and blocked his access to his legal materials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment. *Orr v. Bank of America,* 285 F.3d 764, 772 (9th Cir.2002). We affirm in part and dismiss in part.

The district court's partial summary judgment on Myers's access to the courts claim was proper because Myers failed to raise a genuine issue of material fact as to whether he suffered injury from the defendants' actions. *See Lewis v. Casey,* 518 U.S. 343, 351–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The district court's summary judgment on Myers's claim of conspiracy was proper because Myers failed to raise a genuine issue of material fact as to whether there was an agreement between the defendants. *See Margolis v. Ryan,* 140 F.3d 850, 853 (9th Cir.1998).

This court lacks jurisdiction to consider Myers's contention that the jury verdict was tainted by seeing Myers in restraints because Myers raised the issue below only

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

in his motion for relief from judgment pursuant to Federal Rule of Procedure 60(b) and Myers did not separately appeal the district court's dismissal of that non-tolling post-judgment motion. *See Stone v. INS*, 514 U.S. 386, 403, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) ("[M]otions that do not toll the time for taking an appeal give rise to two separate appellate proceedings that can be consolidated.")

This court declines to consider Myers's remaining contentions because the district court never had an opportunity to rule on them. *See Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir.1995) (noting that the court of appeals generally "does not consider an issue not passed on below")

**AFFIRMED in part; DISMISSED in part.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Coleman's requests for oral argument and appointed counsel are denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.