**Lorenzo CRENSHAW, Plaintiff—Appellant,**

v.

**DEPARTMENT OF VETERANS' AFFAIRS; Anthony J. Principi, Secretary of The Department of Veterans' Affairs; Donald Stout; Charles B. Bidondo, Defendants—Appellees.**

No. 01–16800.

D.C. No. CV–99–04052–MEJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 23, 2002.

Before BRIGHT,[*] HAWKINS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [**]

The only issue before the panel is the propriety of the Department of Veterans Affairs' ("VA") decision to impose a one year Limited Denial of Participation ("LDP") on Lorenzo Crenshaw, a certified real estate appraiser, pursuant to 38 C.F.R. § 44.700, *et seq.* The LDP ran from January 29, 1997 through January 29, 1998, and prohibited Crenshaw's participation on the VA's Northern California and Nevada fee panel for a period not to exceed one year. The district court granted summary judgment affirming the agency decision. We affirm.

On August 31, 1999, Crenshaw commenced this action in the Northern District of California against the VA, the Secretary of Veterans Affairs, VA employees Donald Stout and Charles B. Biondo, and Sandra Murphy, an individual who is not a federal employee.[1] The VA moved for summary judgment. The district court granted the VA's motion for summary judgment and all other pending motions in favor of the VA. The court entered judgment in favor of the VA on August 8, 2001.

A grant of summary judgment is reviewed *de novo. See Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998). We must determine whether the district court correctly applied the law and whether, viewing the evidence most favorable to the nonmoving party, there are any genuine issues of material fact. *Id.;* Fed.R.Civ.P. 56(c).

We affirm the district court's grant of summary judgment. The district court did not err in its determination that the VA's LDP sanction was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. § 706(2)(A) of the Administrative Procedures Act ("APA").

■ The district court properly rejected Crenshaw's argument that his initial hearing was not conducted by a neutral hearing officer. The hearing officer's findings were subject to review by the VA's Under–Secretary for Benefits and by the federal courts. Crenshaw pointed to no evidence that Brioschi was institutionally biased. The hearing officer worked in a different geographic region from Crenshaw and the other witnesses at the hearing. Finally, VA regulations do not require that hearings be conducted by ALJs, and the pertinent section under the APA, 5 U.S.C. § 556(b), provides that the agency, one or more members of the body which comprises the agency, or one or more ALJs shall preside at the taking of evidence. The hearing officer in this case was a member of the body which comprises the agency.

■ The district court did not err in rejecting Crenshaw's efforts to subpoena or take depositions from the recipients of the offending letters. The only relevant issue was whether Crenshaw sent the letters, which he admitted to doing. Any information from the recipients of the letters was not relevant to assessing the propriety of the LDP sanction. Neither the hearing officer nor the district court con-

---

[*] The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The VA defendants are hereinafter collectively referred to as the VA. Crenshaw's brief names the Department of Veterans Affairs as the only defendant on appeal. According to the VA's brief, Sandra Murphy made no appearance in the proceedings below.

sidered the merits of the disputed letters or any of the specific complaints against Crenshaw.

Finally, the VA did not lack jurisdiction to impose the LDP sanction. The hearing officer's reference to procedures from the debarment and suspension sections did not transform the LDP hearing into a debarment proceeding, nor did it alter the sanction sought by the VA. The VA's January 29, 1997 letter to Crenshaw informed him that under the authority set forth in 38 C.F.R. § 44, Subpart G (§§ 44.700, *et seq.*), the VA had decided to impose a LDP on him. The letter explicitly provided the dates of the LDP and stated that the LDP sanction was imposed pursuant to 38 C.F.R. § 44.705. Subpart G provides that an appeals hearing shall be "held in accordance with the procedures set forth at §§ 44.313 and 44.314." 38 C.F.R. § 44.713.

AFFIRMED.[2]

---

**2.** We grant the VA's motion to supplement the record.