Gary A. HALL, Plaintiff–Appellant,

v.

RAYTHEON MISSILE SYSTEMS COMPANY, a Delaware corporation doing business in Arizona; et al., Defendants–Appellees.

No. 02–16500.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* Because the panel unanimously finds this case suitable for decision without oral argument,

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

Gary A. Hall appeals pro se the district court's summary judgment in favor of Raytheon on his Title VII and Americans With Disabilities Act ("ADA") claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment on Hall's retaliation claim under Title VII because Hall failed to raise a genuine issue of material fact as to whether there was a causal link between his termination and an interview he gave to the EEOC on behalf of another employee five years earlier, *see Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1064–65 (9th Cir.2002), or that his termination was otherwise pretextual, *see Bradley v. Harcourt Brace & Co.*, 104 F.3d 267, 270 (9th Cir.1996).

The district court properly granted summary judgment on Hall's ADA claim because Hall failed to raise a genuine issue of material fact as to whether he was terminated due to a disability rather than for falsely reporting TOW missile calibrations. *See* 42 U.S.C. § 12112(a); *Mustafa v. Clark Co. Sch. Dist.*, 157 F.3d 1169, 1175–76 (9th Cir.1998).

The district court properly denied Hall's Fed.R.Civ.P. 56(f) motion to extend the time for discovery. *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.1998).

We decline to consider issues raised for the first time on appeal. *See Barcamerica Int'l. USA Trust v. Tyfield Importerers, Inc.*, 289 F.3d 589, 595 n. 6 (9th Cir.2002).

We deny all pending motions.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

