**Ronald MARGOLIS and Carol Margolis,
Plaintiffs–Appellants,**

v.

**Ellen M. RYAN, Sydney B. Strong, Lynn
Dickerson, Catherine Danko Weikleen-
get, and Anita Stevenson, Defendants–
Appellees.**

Nos. 95–35979, 95–36121.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1996.

Decided April 9, 1998.

Peter C. McCabe III, Winston & Strawn, Chicago, IL, for plaintiffs-appellants.

John P. Erlick, Reed McClure, Seattle, WA, for defendants-appellees.

Before: BRUNETTI and O'SCANNLAIN, Circuit Judges, and WILLIAMS, Senior District Judge.*

WILLIAMS, District Judge:

Ronald and Carol Margolis appeal the district court's grant of summary judgment, refusal to allow a continuance, and award of attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff-appellant Dr. Ronald Margolis and his medical clinic, Gynecological Associates, Inc. ("GAI"), specialize in the diagnosis and treatment of sexually transmitted diseases, pregnancy counseling, and pregnancy termination. In October of 1988, Margolis fired an employee of GAI, Lynn Dickerson. Following her termination from GAI, Dickerson filed a claim against Margolis with the Seattle Human Rights Commission, claiming she had been fired because she was pregnant. She later withdrew the charge.

Dickerson then contacted the Medical Fraud Unit of the Washington State Attorney General's Office ("MFU") and reported that GAI was committing fraud as well as unsafe medical practices. An investigation ensued and Margolis ultimately pled guilty to a charge of Medical Care False Statements.

Dickerson also filed a civil lawsuit against GAI and Margolis in state court alleging several claims including violation of the Racketeering Influence and Corrupt Organization Act ("RICO"). Attorneys Ryan and

---

* The Honorable Spencer Williams, Senior District Judge of the United States District Court for the Northern District of California, sitting by designation.

Strong represented Dickerson at the state court proceedings.

GAI and Margolis filed a counterclaim under 42 U.S.C. § 1983 (" § 1983") alleging that Dickerson conspired with two former GAI employees, Catherine Danko and Anita Stevenson, and an investigator from the Washington State Attorney General's office, Michael Gregoire, to file false criminal charges against Margolis.

Washington State Superior Court Judge Dale Ramerman presided over the case. On September 30, 1992, Judge Ramerman granted partial summary judgment dismissing Margolis' § 1983 counterclaim and awarding attorneys' fees to Dickerson. A jury trial on Dickerson's claims followed. The jury returned a verdict finding that Margolis did commit "acts in violation of the Racketeering Influence and Corrupt Organization Act," but awarded Dickerson nothing in damages.

Thereafter, Dickerson moved for JNOV on the RICO claim. Judge Ramerman granted Dickerson's motion and awarded her nominal damages of $1.00 and attorneys' fees. Margolis then appealed Judge Ramerman's decisions to the Washington State Court of Appeals.[1]

Additionally, Margolis and his wife, Carol, filed a complaint in federal district court alleging he was denied the right to a fair trial because Judge Ramerman had conspired with Dickerson, Gregoire, Danko, Stevenson, Ryan, and Strong to fix the outcome of the state court civil action. On May 18, 1995, Ryan and Strong filed a motion for summary judgment which was originally scheduled for hearing on June 9, 1995. On June 2, 1995, the Margolises moved to continue the hearing date and the date for opposition papers. The Court granted the Margolises' motion for a continuance.

The Margolises filed their opposition to the motion for summary judgment on June 12, 1995. Ryan and Strong filed their reply on June 15, 1995.

On June 28, 1995, the Margolises filed an additional motion for a continuance, contending that they needed to take additional discovery to oppose the summary judgment motion. On August 14, 1995, District Judge Carolyn Dimmick reassigned the case to Judge Walter McGovern and ordered the parties to appear for hearing on Ryan and Strong's motion for summary judgment on August 18, 1995. Judge McGovern conducted the hearing on August 18, 1995. On August 21, 1995, Judge McGovern granted summary judgment in favor of all of the defendants and found all other pending motions moot. Thereafter, Ryan and Strong filed a motion for attorneys' fees, which Judge McGovern granted.

## DISCUSSION

### A. The Summary Judgment Determination

 This court reviews a grant of summary judgment de novo and must determine whether the district court correctly applied the law and if, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.1995), *cert. denied*, 516 U.S. 1171, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996). The initial burden of showing that there is no genuine issue of fact rests on the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514-15, 91 L.Ed.2d 202 (1986). However, to defeat a summary judgment motion, the non-moving party must demonstrate that the evidence is such that a reasonable jury could return a verdict in his or her favor. *Lindahl v. Air France*, 930 F.2d 1434, 1436 (9th Cir.1991).

Appellants contend that the district court erroneously determined that their conspiracy claim was an impermissible collateral attack on a state court decision. According to appellants, their federal suit is not an impermissible collateral attack but rather, a proper claim for damages that resulted from a con-

---

1. During the pendency of this appeal the Washington State Court of Appeals issued its decision. *Lynn Dickerson v. Gynecological Associates, Inc.*, No. 32143–9–I, 1996 WL 751461 (October 21, 1996). The decision affirmed Judge Ramerman's dismissal of Margolis's § 1983 counterclaim on summary judgment. The appellate court also found that Dickerson did not have standing to assert a RICO claim and therefore, reversed the judgment on that claim.

spiracy between Judge Ramerman and Ryan and Strong to fix the outcome of the state court litigation.

Appellants misunderstand the district court's decision. The district court did not conclude that it lacked subject matter jurisdiction over the appellants' conspiracy claim. Rather, the district court determined that Defendants were entitled to summary judgment because appellants failed to present facts to support their § 1983 claim. The district court made this determination after finding that the conspiracy claim was based solely on allegations that Judge Ramerman's decisions were erroneous.

■ The district court's analysis and decision are correct. As the district court noted, federal district courts do not have the authority to review the final determinations of a state court. *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir.1995), *cert. denied,* 516 U.S. 1009, 116 S.Ct. 565, 133 L.Ed.2d 491 (1995). Thus, a losing party in a state court proceeding cannot file an action in federal court seeking reversal of the state court decision. *Id.* at 292.

■ Further, a party cannot rely merely on allegations that a state judge issued erroneous orders to support a conspiracy claim under § 1983. Rather, the party must provide material facts that show an agreement among the alleged conspirators to deprive the party of his or her civil rights. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir.1986); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir.1982). Otherwise, any party dissatisfied with a state court decision could pursue a claim of conspiracy in federal court. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980).

Here, the district court properly determined that appellants presented no specific facts, other than alleging Judge Ramerman made erroneous decisions, from which a conspiracy could be inferred. Appellants' federal complaint contains the conclusory allegation that Judge Ramerman joined a conspiracy with Ryan and Strong that was evidenced by the Judge granting defendant's motions, failing to consider certain papers offered by the Margolises, accepting inad-

missable evidence offered by defendants, and failing to sanction Strong and Ryan for lying and asserting unsupported legal positions. Appellants did not, however, allege in their complaint, or subsequently set forth, any facts to demonstrate an agreement between Judge Ramerman and Ryan and Strong. Thus, the essence of appellants' conspiracy claim is that they litigated and lost. As such, the appellants failed to support their allegations of a conspiracy in violation of § 1983. *Ellis,* 625 F.2d at 229.

### B. Appellants' Motion for Continuance

■ A district court's decision not to permit further discovery is subject to review for abuse of discretion. *Qualls v. Blue Cross of California,* 22 F.3d 839, 844 (9th Cir.1994). However, "if the trial judge fails to address the motion before granting summary judgment, we review this omission de novo." *Id.*

■ Federal Rule of Civil Procedure 56(f) provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery. In making a Rule 56(f) motion, a party opposing summary judgment "must make clear what information is sought and how it would preclude summary judgment." *Garrett v. City and County of San Francisco,* 818 F.2d 1515, 1518 (9th Cir.1987).

■ Appellants claim that the district court erred in not ruling on their motion for continuance prior to determining the motion for summary judgment. However, a decision on a Rule 56(f) motion does not have to be explicitly stated. *Qualls,* 22 F.3d at 844. Here, the district court did not expressly deny appellants' Rule 56(f) motion but instead, granted summary judgment and found all other pending motions moot. This decision necessarily implies that the district court rejected appellants' motion for a continuance.

■ Further, as for the merits of the motion, it is clear that a continuance was not warranted. In an attempt to show that further discovery would lead to facts supporting

their claim, appellants submitted an affidavit of Ronald Margolis. In the affidavit, Margolis claimed that further discovery would reveal that Ryan and Strong knew there was no legal basis for Dickerson's RICO claim. Margolis also asserted that further discovery would show that Judge Ramerman knew there was no basis for the claim, yet he consistently rendered decisions in favor of Dickerson. Therefore, according to Margolis, further discovery would elicit facts demonstrating "conscious parallel activity." Additionally, Margolis claimed that, if deposed, Judge Ramerman would testify that he agreed to accept Ryan and Strong's meritless and baseless positions.

Margolis did not, however, provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described in his affidavit. Moreover, a review of the record leads to the conclusion that Margolis' affidavit is based on nothing more than wild speculation. As such, appellants failed to identify facts, either discovered or likely to be discovered, that would support their § 1983 claim. Therefore, the district court did not err in rejecting appellants' request for further discovery.

## C. Award of Attorneys' Fees

■ Following receipt of the order granting summary judgment, Ryan and Strong filed a motion for attorneys' fees, requesting $10,915. Ryan and Strong made their request pursuant to Fed.R.Civ.P. 11, 42 U.S.C. § 1988, RCW 4.24.510 and the court's inherent powers. The district court granted the motion and awarded Ryan and Strong $10,915.

However, the district court failed to identify the authority for the award or specify reasons justifying the award and the amount awarded. Therefore, this court remanded the case for the sole purpose of allowing the district court an opportunity to explain its decision to award attorneys' fees. On remand, District Judge Carolyn Dimmick[2] signed an order setting forth the reasons for the award of attorneys' fees under Fed.

R.Civ.P. 11, 42 U.S.C. § 1988, RCW 4.24.510 and the court's inherent powers.

■ This court reviews a grant of attorneys' fees for an abuse of discretion. Warren, 58 F.3d at 441. We find that the district court did not abuse its discretion in awarding attorneys' fees to Ryan and Strong.

Pursuant to 42 U.S.C. § 1988 (" § 1988") a district court may award attorneys' fees to a prevailing defendant in a civil rights case if the plaintiff's claims are "unreasonable, frivolous, meritless, or vexatious." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); Ellis, 625 F.2d at 230. In asserting their conspiracy claim, appellants relied solely on allegations that Judge Ramerman's decisions were incorrect. As set forth above, such allegations are insufficient as a matter of law to support a claim under § 1983. Further, had appellants made a reasonable inquiry into the applicable facts and law before filing their case they would have discovered the insufficiency of their civil rights claim. Thus, the district court did not abuse its discretion in determining that appellants' conspiracy claim was meritless and frivolous so as to warrant sanctions under § 1988.

Relying on a rule in Lockary v. Kayfetz, 974 F.2d 1166 (9th Cir.1992), appellants argue that the amount requested by Ryan and Strong, $10,915, improperly included the costs of preparing and briefing their motion for attorneys' fees. Under Lockary, the attorneys' fees and costs associated with bringing a motion for sanctions under Fed. R.Civ.P. 11 should not be included in the award because they are not direct costs of opposing an offending pleading. 974 F.2d at 1177–78. We followed this rule in Zimmerman v. Bishop Estate, 25 F.3d 784, 790 (9th Cir.1994) and Pan–Pacific v. Pacific Union, 987 F.2d 594, 597 (9th Cir.1993).

■ The rule in Lockary, enunciated in 1992, is no longer good law. The December 1, 1993 amendment to Rule 11 specifically allows a district court to include the costs associated with sanctions proceedings: "the

2. Judge Dimmick signed the order for Judge McGovern, the district judge who awarded attorneys' fees to Ryan and Strong. Given Judge

Dimmick's familiarity with the case, this court finds it appropriate for her to sign the order for Judge McGovern.

court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Fed.R.Civ.P. 11(c)(1)(A). This court has previously noted that the plain text of Rule 11 supercedes the former rule in this Circuit disallowing Rule 11 motion-related costs and fees. *See Buster v. Greisen,* 104 F.3d 1186, 1190 n. 5 (9th Cir.1997). Accordingly, the district court did not err by including in the amount awarded the costs and fees borne by defendants-appellees in bringing the motion for sanctions.

## CONCLUSION

The district court's grant of summary judgment and award of attorneys' fees are AFFIRMED.