**Caroline DANIELS, Plaintiff–Appellant,**

v.

**ASSOCIATED ADMINISTRATORS OF LOS ANGELES; Roger Johnson; Lorraine Bush, Defendants–Appellees,**

and

Gil Garcetti, District Attorney of Los Angeles County; Los Angeles Unified School District, Board of Education; Barbara Bourdeaux; Victoria Castro; Jeff Horton; Valerie Fields; David Tokofsky; Julie Korenstein; George Kiriyama; Jefferson Crain; Lupe Reyes; James Figueroa; Dolores Diazcarrey, Defendants.

No. 99–56271.

D.C. No. CV–97–08111–TJH.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 22, 2001.

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM [2]

Caroline Daniels appeals the district court's summary judgment for defendants in her action alleging that defendants conspired to violate her constitutional rights and breached a duty of fair representation after she purportedly threatened to kill her supervisor at the Los Angeles Unified School District. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *see Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998), and we affirm.

Because Daniels failed to create a triable issue that the union acted arbitrarily, in bad faith, or in a discriminatory manner, the district court properly granted summary judgment on Daniels' breach of duty of fair representation claim. *See Moore v. Bechtel Power Corp.,* 840 F.2d 634, 636–37 (9th Cir.1988).

Furthermore, Daniels has waived any issues regarding her 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 claims by failing to develop those issues in her opening brief. *See Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir.1993).

AFFIRMED.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

