Steven W. ROSE, Plaintiff–Appellant,

v.

Cal A. TERHUNE, Director of CDC;
William Duncan, Warden, CMC,
Defendants–Appellees.

No. 00–15681.

D.C. No. CV–98–550–GEB/JFM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 26, 2001.

Before WALLACE, SILVERMAN, and
W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

Steven Rose, a California state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison grooming regulations violated his civil rights. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

We review de novo the district court's grant of summary judgment, *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998), and we affirm.

■ The district court properly granted summary judgment to defendants on Rose's First Amendment and substantive due process claims because Rose failed to present any evidence that the grooming regulations are not reasonably related to legitimate penological interests. *See Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (substantive due process); *Friedman v. Arizona*, 912 F.2d 328, 331 (9th Cir.1990) (First Amendment).

■ The district court properly granted summary judgment on Rose's equal protection claim because Rose failed to present any evidence that the grooming regulations do not bear a rational relation to a legitimate prison objective. *See Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

■ Because Rose failed to demonstrate that the prison regulations deprived him of the minimal civilized measure of life's necessities, the district court properly granted summary judgment on Rose's Eighth Amendment claim alleging cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087–88 (9th Cir.1995).

The district court properly granted summary judgment on Rose's claim alleging that the grooming regulations violate the American Indian Religious Freedom Act ("AIRFA"). *See Lyng v. Northwest Indian Cemetery Protection Assoc.*, 485 U.S. 439, 455, 108 S.Ct. 1319, 99 L.Ed.2d 534 (1988) (stating that the AIRFA is a statement of federal policy to protect Indians'

exercise of their religion, and does not create a cause of action).

We decline to consider the issues raised for the first time on appeal in Rose's reply and declaration received by this Court on July 24, 2000. *See International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985).

AFFIRMED.