**Raymond Ludwig FROST, Plaintiff–Appellant,**

v.

**COFFMAN; et al., Defendants–Appellees.**

No. 00–17319.

D.C. No. CV–90–01062–PHX–RCB.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002 *.

Decided March 20, 2002.

Before CANBY, BEEZER and PAEZ, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Raymond Ludwig Frost, a pre-trial detainee at all times relevant to this appeal, appears pro se before this court for a second time in this litigation. Previously, this court remanded to the district court to "determine[ ] whether amitriptyline is an antipsychotic drug," *Frost v. Agnos,* 152 F.3d 1124, 1130 (9th Cir.1998), and "whether the failure to provide [him] with adequate shower facilities resulted in the violation of his constitutional rights," *id.* at 1129. In this appeal, Frost challenges the district court's summary judgment on the first issue and judgment for defendants following a jury trial on the second issue. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

After a de novo review of the record, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), we conclude that Frost failed to establish a genuine issue as to whether amitryptyline is an antipsychotic drug. We further conclude that the district court did not abuse its discretion by denying Frost's motion for additional discovery on this issue. *See Margolis v. Ryan,* 140 F.3d 850, 853 (9th Cir.1998).

With respect to Frost's contentions relating to testimony about his "close custody" status, we conclude that the district court properly denied his motion for a new trial. *See Far Out Productions, Inc. v. Oskar,* 247 F.3d 986, 998 (9th Cir.2001); *Wharf v. Burlington N. R.R. Co.,* 60 F.3d 631, 637 (9th Cir.1995).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.