**Joe V. GONZALEZ, Plaintiff–Appellant,**

v.

**Dale PATRICK; et al., Defendants–Appellees.**

No. 01–15809.

D.C. No. CV–99–05622–OWW/DLB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 17, 2002.

---

* We unanimously find this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**326**

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

### MEMORANDUM**

Federal prisoner Joe Gonzalez appeals pro se the district court's summary judgment in favor of prison officials in his retaliation action brought pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the summary judgment, *Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998), and we affirm.

The district court properly granted summary judgment because Gonzalez failed to present evidence sufficient to demonstrate a triable issue of material fact regarding whether defendants' actions were in retaliation for Gonzalez exercising his constitutional rights. *See Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam).

Gonzalez's contention that defendants admitted to retaliatory acts by failing to respond to his Request for Admissions lacks merit because defendants responded by objecting that the Request was untimely under the March 13, 2000 scheduling order. *See* Fed.R.Civ.P. 36(a).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* John E. Potter, Postmaster General, is substituted for his predecessor in office pursuant to Fed. R.App. P. 43(c)(2).