PALO ALTO TOWN AND COUNTRY VILLAGE, INC., Plaintiff—Appellant,

v.

DEUTSCHE LUFTHANSA A.G.; et al., Defendants—Appellees.

No. 02–16922.

D.C. No. CV–00–04538–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2004.

Decided Feb. 25, 2004.

George C. Fisher, Martha C. Luemers, Ritchey, Fisher, Whitman & Klein, Palo Alto, CA, for Plaintiff–Appellant.

John M. Potter, Robert E. Postawko, Amy M. Gallegos, Kenneth D. Klein, Hogan & Hartson, L.L.P., Los Angeles, CA, for Defendants–Appellees.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM *

Plaintiff Town & Country appeals the district court's award of summary judgment to Defendants Deutsche Lufthansa in this diversity action. Town & Country alleges that Venice Market, a corporation owned by Deutsche Lufthansa, breached and fraudulently induced a ten-year lease agreement for premises at its commercial shopping center in Palo Alto, California ("City"). The district court held that the lease was void pursuant to the doctrine of mutual mistake of fact. We have carefully

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reviewed the arguments and record, and affirm.

This court reviews a grant of summary judgment de novo and must determine whether, viewing the evidence in the light most favorable to the non-moving party, there exist no genuine issues of disputed material fact. *Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998) (citation omitted). Both parties acknowledge that the City's imposition of an obligatory seismic upgrade voids the lease pursuant to mutual mistake. *See Guthrie v. Times–Mirror Co.,* 51 Cal.App.3d 879, 124 Cal.Rptr. 577, 580 (1975). Therefore, whether Venice Market's original plans required a seismic upgrade is dispositive of the claim of mutual mistake.

■ Town & Country argues that pursuant to the California Uniform Building Code, Venice Market's original plans *could* have qualified for an occupancy type that would not have required a seismic upgrade. However, this argument does not contradict the uncontroverted evidence that the City *actually* classified Venice Market's use as a restaurant, Group A, requiring a seismic upgrade.

Town & Country argues on appeal that the City did *not* in fact classify Venice Market's proposed use as one requiring a seismic upgrade because the City never made a "final determination." Town & Country's new argument is unavailing for two reasons. First, Town & Country conceded at summary judgment that the City had made a final determination, and solely contended that Venice Market had "unilaterally and voluntarily" changed its plans, resulting in the obligatory seismic upgrade. Thus, this argument was waived. *See Abogados v. AT&T, Inc.,* 223 F.3d 932, 937 (9th Cir.2000)(considering argument waived on appeal that was not raised on summary judgment); *Bankamerica Pension Plan v. McMath,* 206 F.3d 821, 825 (9th Cir.2000)(same).

■ Second, this court's review is limited to the record presented to the district court at the time of summary judgment. *Lippi v. City Bank,* 955 F.2d 599, 604 (9th Cir.1992). Town & Country's raising the argument in its motion to alter or amend the judgment of the district court did not preserve it for appeal. *Nat'l Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 500 (9th Cir.1997).

■ Finally, the district court did not abuse its discretion in denying Town & Country's motion to alter or amend the judgment. Evidence to support its "final determination" argument was available to Town & Country at the time of summary judgment, and thus cannot qualify as "newly discovered evidence." *See School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993).

AFFIRMED.

