**GERMAINE MUSIC; General Crook,**
**Plaintiffs—Appellants,**

v.

**UNIVERSAL SONGS OF POLYGRAM;**
**UMG Recordings, Inc.; BMI,**
**Defendants—Appellees.**

No. 03–17295.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2005.

Decided May 3, 2005.

Lisa A. Rasmussen, Esq., Dixon, Truman, Bangerter & Fisher, Las Vegas, NV, for Plaintiffs—Appellants.

General Crook, North Las Vegas, NV, Pro se.

Jeffrey D. Goldman, Esq., Nicole L. Harris, Esq., Mitchell Silberberg et al, LLP, Los Angeles, CA; Luke K. Rath, Esq., Mark A. Hutchison, Esq., Hutchison and Steffen, Ltd., Kenneth R. Myers, Esq., Vincent C. Ferenbach, Esq., Lionel, Sawyer and Collins, Las Vegas, NV, for Defendants—Appellees.

Before: LAY,* B. FLETCHER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Plaintiffs General Crook and his company Germaine Music, pro se before the district court but represented on appeal, appeal from the district court's grant of summary judgment on all counts. Plaintiffs brought this suit against defendants UMG Recordings, Inc. ("UMG") and Broadcast Music, Inc. ("BMI") for copyright infringement, breach of contract, and "theft by deception." All claims are generally related to an alleged failure to pay royalties on contracts allowing distribution of a song written by plaintiff Crook in the 1970s. The claims against BMI were dismissed in favor of arbitration and BMI is not a party to this appeal.

As the parties are familiar with the facts of the case, we do not recite them in detail here. Because there were issues of material fact, we reverse the district court's grant of summary judgment, and remand for further proceedings. We further conclude that the district court erred in its implicit denial of plaintiff's "Motion to Compel." Not only did the district court fail to recognize it as a motion for continuance pursuant to Fed.R.Civ.P. 56(f), it abused its discretion in denying the motion. On remand, the district court is directed to reopen discovery to allow plaintiffs to obtain answers to discovery requests propounded previously. The district court may choose, in its discretion, to allow further discovery if requested by either party.

### I.

A district court's grant of summary judgment is reviewed de novo. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). A district court's decision as to whether or not to permit additional discovery and delay summary judgment pursuant to Fed. R.Civ.P. 56(f) is reviewed for an abuse of discretion. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Souix Tribes,* 323 F.3d 767, 773 (9th Cir.2003). However, if the district court fails to address a Rule 56(f) motion prior to granting summary judgment, the matter is reviewed de novo. *Margolis v. Ryan,* 140 F.3d 850, 853 (9th Cir.1998).

### II.

In reviewing a grant of summary judgment, we must determine whether there

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

are any genuine issues of material fact, viewing the evidence in the light most favorable to the non-moving party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004).

As to any claim involving collusion between BMI and UMG and the "catalog transfer issue" as a basis for a copyright infringement claim, there is no issue of material fact, and plaintiffs do not seriously contend otherwise. We see no reason to disturb summary judgment on this issue.

■ As to the copyright infringement claim and breach of contract claims that focus on non-payment of royalties,[1] there is an issue of fact in dispute. UMG claims that all royalties owed were paid to Crook—the check for $940.21. During his deposition, plaintiff Crook admitted that the signature looked like his, but he did not have a recollection of receiving the check. In other papers submitted to the district court, Crook denied having ever received money from UMG (or affiliates such as Polygram records).

Although it would appear that Crook's credibility may be at issue, it is not the place of the court on summary judgment to weigh the evidence. Unfortunately, this is what the district court did. It credited the testimony of UMG's employees, in which they asserted that all royalties had been paid to Crook, over the testimony of Crook himself, who stated that he did not recall receiving the check, had not received any royalties from any of the entities, and did not have a bank account at the time the check was cashed. In order to grant summary judgment, the district court necessarily found that the signature on the back of the check was Crook's, although Crook denied that it was his. In any event, the amount of royalties due is in dispute. Summary judgment must be reversed.

### III.

In order to succeed on a Rule 56(f) motion, the movant must show diligence in pursuing discovery previously, and must show how more discovery might preclude summary judgment. *Byrd v. Guess*, 137 F.3d 1126, 1135 (9th Cir.1998). In this case, these requirements must be viewed against this circuit's repeated insistence that courts must construe pro se pleadings and motions liberally. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir.2003).

■ Here, plaintiffs' motion to compel should have been seen as a motion for continuance under Rule 56(f). Plaintiffs explained that the parties had an agreement not to proceed with discovery until the court had ruled on the pending dispositive motions, and that although they had provided discovery to UMG after the discovery deadline, they had not received responses to their requests propounded after the deadline. This explains any lack of diligence on plaintiffs' part. Plaintiffs also explain that they pursued discovery once the court had denied the pending motions, albeit well after the discovery deadline. Plaintiffs were simply taking their cue from defense counsel, who were certainly pursuing discovery (including taking Crook's deposition) well after the deadline, although the requests were made before the deadline.

■ Next, while most of plaintiffs' discovery requests would not have been relevant to the issues on summary judgment, plaintiffs requested documentation for the number of copies of the album at issue in this case that were sold over time.

---

1. These theories of liability collapse into one. If UMG was using the song without paying royalties, it was likely both a breach of contract and a violation of the copyright.

Construing plaintiffs' pro se pleadings liberally, we hold that the standards of Rule 56(f) have been met. On remand, the district court is directed to reopen discovery to allow plaintiffs to obtain answers to discovery requests propounded previously. The district court may, in its discretion, allow further discovery to be propounded by either party.

## IV.

We find no error in the district court's denial of plaintiffs' motion for leave to file a second amended complaint. Any proposed amendments would have been futile. We also find no error in the district court's decision to consider UMG's opposition to plaintiffs' motion for summary judgment as a cross-motion. We therefore find no reason to disturb the district court's dismissal of the "theft by deception" claim.

Each party shall bear its own costs.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.