James **MICKEY**, Plaintiff—Appellant,

v.

A. **SKEELS**, Defendant—Appellee.

No. 06–15350.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 24, 2008.

James Mickey, Corcoran, CA, pro se.

Kimberly Anne Gaab, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

James Mickey, a California state prisoner, appeals pro se from the district court's summary judgment in favor of FBI Agent Skeels in his civil rights action alleging due process violations in connection with the seizure of his property during a search of his prison cell. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order granting summary judgment. *Southern Oregon Barter Fair v. Jackson Cty.,* 372 F.3d 1128, 1133 (9th Cir.2004). A district court's decision to deny a request for additional discovery pursuant to Fed.R.Civ.P. 56(f) is reviewed for an abuse of discretion. *Margolis v. Ryan,* 140 F.3d 850, 853 (9th Cir.1998). We affirm.

The district court properly determined that Mickey had no procedural due process right to a predeprivation hearing because the challenged search and seizure occurred in the course of a criminal investigation, and adequate postdeprivation remedies were available. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (holding no Fourteenth Amendment due process violation where "predeprivation process is impracticable" provided that "a meaningful postdeprivation remedy for the loss is available"); *Raditch v. U.S.,* 929 F.2d 478, 481 (9th Cir.1991) ("Although *Hudson* involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment."); *see also* FED.R.CRIM.P. 41(g) (providing a cause of action against

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the United States for the return of wrongfully seized property).

The district court properly denied Mickey's request for additional discovery because Mickey failed to show how the evidence he sought would preclude summary judgment. *See Margolis,* 140 F.3d at 853.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.