*111 MEMORANDUM **
Arizona state prisoner Clinton Joseph Slone appeals pro se the district court’s summary judgment for defendants in his 42 U.S.C. § 1983 action, alleging that prison officials acted with deliberate indifference by denying his requests to be placed in protective custody. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986), and we affirm.
The district court properly granted summary to defendants because Slone failed to raise a genuine issue of material fact as to whether defendants acted with deliberate indifference when they investigated his requests and transferred him to a different prison unit as an alternative to placing him in protective segregation. See id. at 460, 462 (affirming summary judgment for prison officials who investigated incident, and stating “[i]f the evidence only involves a dispute over the ... existence of arguably superior alternatives ... the plaintiff has not met his burden and the case should not be presented to a jury.” (internal citations and quotations omitted)).
The district court did not abuse its discretion by denying Slone’s motion to compel discovery as moot after the defendants complied with the discovery request. Further, Slone has not shown how allowing additional discovery would have precluded summary judgment. See Margolis v. Ryan, 140 F.3d 850, 854 (9th Cir.1998) (upholding denial of discovery motion where “appellants failed to identify facts, either discovered or likely to be discovered, that would support their § 1983 claim”).
Slone’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.