**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICIA A. LONG, | No. 09-35281 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00071-FVS |
| v. | |
| PEND OREILLE COUNTY SHERIFF'S DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred Van Sickle, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Patricia A. Long appeals pro se from the district court's summary judgment

for defendants in her 42 U.S.C. § 1983 action alleging that defendants violated her

constitutional rights by entering her house to gather documents pursuant to a court

order in connection with guardianship proceedings for a previous resident of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

house. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.
*Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment for defendants because Long failed to raise a genuine issue of material fact as to whether sheriff's deputies were acting under the special needs exception to the Fourth Amendment's warrant requirement. *See Henderson v. City of Simi Valley*, 305 F.3d 1052, 1061 (9th Cir. 2002) (affirming summary judgment for police officers under the special needs exception where, pursuant to a court order, officers accompanied daughter to mother's home to keep the peace while daughter retrieved belongings). Because Long failed to establish that the deputies violated her constitutional rights, summary judgment for the sheriff and the sheriff's department also was proper. *See Quintanilla v. City of Downey*, 84 F.3d 353, 355-56 (9th Cir. 1996) (plaintiff could not recover on a § 1983 claim against city or police chief absent underlying violation of his constitutional rights).

The district court properly granted summary judgment as to the guardian ad litem and her assistant because, as a matter of law, they are not state actors. See *Kirtley v. Rainey*, 326 F.3d 1088, 1095-96 (9th Cir. 2003) (a guardian ad litem appointed by a Washington court was not a state actor under § 1983).

2                                                                        09-35281

The district court did not abuse its discretion by denying Long's request for an extension of time to conduct discovery. Long had been granted an extension previously but had not propounded discovery. *See Margolis v. Ryan*, 140 F.3d 850, 853-54 (9th Cir. 1998) (upholding denial of Rule 56(f) discovery motion where "appellants failed to identify facts, either discovered or likely to be discovered, that would support their § 1983 claim").

**AFFIRMED.**

09-35281