**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRED JAY JACKSON, | No. 09-17366 |
| Plaintiff - Appellant, | D.C. No. 4:07-cv-00961-SBA |
| v. | |
| ROBERT BOWMAN, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Fred Jay Jackson, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Jackson failed to raise a genuine issue of material fact as to whether defendants were deliberately indifferent in treating his broken finger. *See id.* at 1057. A difference in opinion about the preferred course of medical treatment does not constitute an Eighth Amendment violation. *Id.* at 1059-60. Moreover, a "showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060.

The district court did not abuse its discretion by denying further discovery because Jackson did not show how allowing him additional discovery would have precluded summary judgment. *See Margolis v. Ryan*, 140 F.3d 850, 853-54 (9th Cir. 1998).

Jackson's remaining contentions are unpersuasive.

Jackson's request for judicial notice is denied.

**AFFIRMED**.