**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| In re: EBAY SELLER ANTITRUST LITIGATION, | No. 10-15642 |
| | D.C. No. 5:07-cv-01882-JF |
| MICHAEL MALONE; ANN FARMER; TODD VAN PELT, individually and on behalf of all others similarly situated, | MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| and | |
| JEFFREY ENEBELY, | |
| Plaintiff, | |
| v. | |
| EBAY, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted April 13, 2011

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: REINHARDT, HAWKINS, and GOULD, Circuit Judges.

Plaintiffs, several eBay auction sellers ("Plaintiffs"), appeal the district court's grant of summary judgment in favor of defendant eBay, Inc. ("eBay") in this putative class action alleging monopolization and attempted monopolization of the online auctions market and person-to-person payment systems under § 2 of the Sherman Act and several state law claims. Plaintiffs argue that the district court erred by (1) concluding that Plaintiffs' evidence did not sufficiently demonstrate causal antitrust injury, and (2) failing to consider and grant their Rule 56(f) motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** To survive summary judgment, Plaintiffs must create a genuine issue as to whether they have been "injured in [their] business or property by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15(a). They must adduce evidence that they have suffered "antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977); *see* Phillip Areeda & Herbert Hovenkamp, *Antitrust Law* ¶ 337a at 82–83 (2d ed. 2005).

Plaintiffs, through the declarations of their economics expert, offered two econometric models seeking to demonstrate antitrust injury as measured by overcharge in fees:[1] the dominant firm model of entry deterrence ("dominant firm entry model") and the regression model of seller overcharge ("take rate model"). The district court correctly found that, although the dominant firm entry model was offered as a theoretical method of showing overcharge, the model was not implemented, so no inferences regarding injury can reasonably be drawn from it regarding actual injury to Plaintiffs. We further agree with the district court that the take rate model is flawed and does not show causal injury because it improperly adopts eBay's "take rate" as a proxy for overcharge and therefore does not connect the allegedly anticompetitive acts with the charging of supracompetitive fees.

**2.** The order of the district court granting summary judgment did not address the Rule 56(f) declaration, nor does the record disclose whether the district court considered it before ruling on summary judgment. In general, "[a] district court's decision not to permit further discovery [pursuant to a Rule 56(f) declaration] is subject to review for abuse of discretion." *Margolis v. Ryan*, 140

---

[1] We need not decide whether overcharge in seller fees is the appropriate measure of antitrust injury in the circumstances of this case, and make no comment on the question.

3

F.3d 850, 853 (9th Cir. 1998). "However, 'if the trial judge fails to address the motion before granting summary judgment, we review this omission de novo.'" *Id.* (quoting *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994)).

Even on de novo review, we are satisfied that the district court did not err in ruling on eBay's motion for summary judgment without delay for further discovery. Despite having filed a Rule 56(f) declaration, Plaintiffs acquiesced to a prompt disposition of the motion in several ways. When eBay sought to delay the hearing on its motion for summary judgment and Plaintiffs' motion for class certification, Plaintiffs told the district court in its opposition that they were "confident that the Court has all the evidence and argument it needs to conduct a rigorous analysis of the issues" and criticized eBay for attempting to "avoid the merits phase of this litigation." About one month before the district court's ruling on summary judgment, Plaintiffs received a substantial amount of the "granular" transactional data they had requested from eBay and referenced in their Rule 56(f) declaration, but they did not alert the district court of that development, attempt to supplement their summary judgment evidence, or otherwise seek a delay in the disposition of the motion. And after the district court issued its order granting summary judgment, Plaintiffs did not move the district court for reconsideration. Plaintiffs' communications and conduct may reasonably have led the district court

4

to believe that eBay's motion was ripe for adjudication, and we conclude that plaintiffs cannot now prevail on appeal by arguing that the district court's summary judgment ruling was premature. Under these circumstances, the implicit denial of Plaintiffs' Rule 56(f) motion was not reversible error.

In light of the foregoing, the district court's entry of summary judgment in favor of eBay on the state law and attempted monopolization of online person-to-person payment systems claims must also be affirmed. We need not address the alternative arguments raised by eBay in its answering brief.

**AFFIRMED**.