**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW CALVIN COLEY, | No. 09-17114 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00934-PMP-GWF |
| v. | |
| CASIM, Doctor, Lancaster State Prison; TRAQUINA, Doctor, Solano State Prison, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Philip M. Pro, District Judge, Presiding

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

California state prisoner Andrew Calvin Coley appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to serious medical needs. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment because Coley failed to raise a genuine dispute of material fact as to whether defendants consciously disregarded a risk to Coley's health by failing to provide an adequate diet for his colitis or delaying diagnostic tests that ruled out a more serious illness. *See Toguchi*, 391 F.3d at 1058 (prison officials are deliberately indifferent only if they know of and disregard an excessive risk of serious harm to inmate health). Coley's disagreement with defendants' medical opinion as to his diagnosis or course of treatment is not sufficient to constitute deliberate indifference. *See id*.

The district court's failure to rule on Coley's motions to compel further discovery to oppose one of the defendant's motion for summary judgment is not grounds for reversal because Coley failed to show how additional discovery would have precluded summary judgment. *See Chance v. Pac-Tel Teletrac Inc*., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (to obtain discovery pending summary judgment, movant must have diligently pursued discovery and show how additional discovery would preclude summary judgment); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.

1998) (motion to compel discovery to oppose summary judgment on which the district court failed to rule is reviewed de novo).

Coley's remaining contentions, including those concerning alleged due process violations, are unpersuasive.

Coley's requests for miscellaneous relief, including concerning access to the law library, are denied.

**AFFIRMED.**