**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES V. REED,

No. 15-35653

Plaintiff-Appellant,

D.C. No. 2:14-cv-00366-SAB

v.

MEMORANDUM[*]

JOHN BIDDULPH; et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Charles V. Reed, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging First

Amendment retaliation and Washington state tort claims. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo, *Brodheim v. Cry*, 584 F.3d 1262,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1267 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Reed's retaliation claims because Reed failed to raise a genuine dispute of material fact as to whether defendants acted with a retaliatory motive and whether there was an absence of legitimate correctional goals for defendants' conduct. *See id.*, 584 F.3d at 1271 ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." (citation and internal quotation marks omitted)); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir .1995) ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.").

The district court properly granted summary judgment on Reed's Washington state tort claims because Reed failed to raise a triable dispute as to whether defendants committed any torts. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court did not abuse its discretion by denying Reed's motion to compel discovery because Reed failed to show that denial of discovery would

result in actual and substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review; "Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

The district court also properly denied Reed's Rule 56(d) motion to continue summary judgment to allow further discovery because Reed failed to identify specific facts to be obtained in discovery that would have precluded summary judgment. *See Qualls By & Through Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (setting forth standard of review; district court properly implicitly denied Rule 56(f) (now Rule 56(d)) motion where additional requested discovery would not have precluded summary judgment); *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998) (Rule 56(f) (now 56(d)) motion properly denied where "appellants failed to identify facts, either discovered or likely to be discovered," that would preclude summary judgment).

We will not consider matters not properly raised before the district court. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008)

15-35653

(where "the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court"); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("we will not consider arguments that are raised for the first time on appeal"). We reject, as without merit, Reed's contentions that he should have been given leave to amend, that the case should have been heard before a magistrate, that the case should be remanded to change the order of defendant names in the caption, and his immunity arguments.

**AFFIRMED**.