FILED

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COLUMBUS ALLEN, Jr., | No. 15-15283 |
| Plaintiff-Appellant, | D.C. No. 1:09-cv-00930-AWI-JLT |
| v. | |
| CHEUNG, DDS, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted January 18, 2017**

Before:  TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Columbus Allen, Jr., a former pretrial detainee, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutionally inadequate dental care during his pretrial detention.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Although the district court failed to address explicitly Allen's Fed. R. Civ. P. 56(d) request for additional discovery, the denial of the request was not error because Allen failed to show that the discovery he requested would have precluded summary judgment. *See Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2002) (explaining that a plaintiff must show that the discovery sought would have precluded summary judgment); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (standard of review).

The district court did not abuse its discretion in denying Allen's motions for appointment of counsel because Allen failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

Denial of Allen's request regarding the deposition notice was not an abuse of discretion because Allen failed to show any harm from the failure to disclose the recording method. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that district court's discovery rulings "will not be disturbed except upon the clearest showing that denial of

15-15283

discovery results in actual and substantial prejudice to the complaining litigant" (citations and internal quotation marks omitted)).

Contrary to Allen's contention, the district court did not abuse its discretion in declining to strike Cheung's evidence on the ground that it was untimely disclosed.

We reject as meritless Allen's contentions of denial of equal protection and due process, and bias.

Allen's requests for counsel, filed on July 13, 2015 and set forth in his opening brief, are denied.

**AFFIRMED.**