NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PACIFIC RIM LAND DEVELOPMENT, LLC, | No. 20-16047 |
| Plaintiff-Appellee, | D.C. No. 1:19-cv-00016 |
| v. | MEMORANDUM[*] |
| IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Submitted October 15, 2021[**]
Honolulu, Hawaii

Before: IKUTA, MILLER, and LEE, Circuit Judges.

Imperial Pacific International (IPI) appeals from the district court's grant of

partial summary judgment in favor of Pacific Rim Land Development on Pacific

Rim's claim that IPI failed to make timely payments on a promissory note. IPI

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sought to postpone summary judgment because it had not yet been able to conduct discovery on its affirmative defense of fraud in the inducement. The district court denied IPI's request, concluding that IPI failed to satisfy the requirements of Federal Rule of Civil Procedure 56(d). IPI appeals. Because the district court entered a partial final judgment under Rule 54(b), we have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see SEC v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018), we affirm.

A party seeking to postpone summary judgment pending additional discovery must show that "(1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)). The party must also provide the "basis or factual support for [its] assertions that further discovery would lead to the facts and testimony" described in the affidavit. *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998).

IPI did not meet those requirements. In support of its Rule 56(d) request, it submitted a three-paragraph declaration stating that Pacific Rim possessed employment records for the workers assigned to IPI's construction project. The declaration identified the documents sought but not the facts within those

2

documents that would assist IPI in opposing summary judgment. IPI later clarified that it sought the records to prove that Pacific Rim misrepresented the skill of its workers and the amount of work completed on IPI's construction job, fraudulently inducing IPI to sign the promissory note. But IPI provided no "basis or factual support" for its belief that Pacific Rim engaged in fraud or that the discovery sought would yield such factual support. *Margolis*, 140 F.3d at 854. Quite to the contrary, in the district court, IPI admitted that it was "fishing" for more information. We likewise reject IPI's argument that the facts set forth in Pacific Rim's motion to quash satisfy IPI's burden under Rule 56(d).

To be sure, a Rule 56(d) request need not predict with perfect clarity what discovery will reveal. *See Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir. 2003). But a barebones declaration stating only that a category of document exists—without explaining the basis for belief that there are specific facts within them essential to the party's opposition to summary judgment—does not satisfy Rule 56(d). The district court did not abuse its discretion.

**AFFIRMED.**