NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RODGER MAY,<br><br>Defendant-Appellant. | No. 23-35024<br><br>D.C. No.<br>2:21-cv-01002-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted March 29, 2024
Seattle, Washington

Before: FLETCHER, PARKER,[**] and MILLER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

1

Defendant-Appellant Rodger May appeals two rulings awarding summary judgment to the Great American Insurance Company ("GAIC"). The litigation arose from a coverage dispute under a general liability policy issued by GAIC. The dispute involves members of MK Salvage Ventures LLC ("MKSV"), a now-dissolved salvage company, that attempted to recover lost treasure from the *SS Islander*, a ship that sank in 1901 off the coast of Juneau, Alaska, while carrying a sizeable cargo of gold bullion.

The salvage efforts were largely unsuccessful, and May and his business partner, Peter Kuttel, agreed in 2016 to dissolve MKSV, divide its assets, and convey to May the right to conduct future salvage operations. In the course of that dissolution, May sued MKSV, Kuttel, and one of Kuttel's businesses (collectively, the "Insureds") in state court for refusing to hand over to May certain intellectual property generated by prior expeditions. The Insureds tendered the suit to GAIC, which denied coverage. The state court action settled in a court-approved $7.5 million covenant judgment, which assigned the Insureds' insurance rights against GAIC to May.

While the state court action was pending, GAIC sought a declaration in federal court that it owed no duty to defend or indemnify May. The district court awarded summary judgment to GAIC on both duties. It concluded that GAIC was

2

not required to defend or indemnify May because May's intellectual property (IP)–related claims did not conceivably arise from an "occurrence" or allege damage to "tangible" property as required by the policy. The court then dismissed May's extracontractual counterclaims and this appeal followed. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's grant of summary judgment de novo. *See Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998). We affirm.

The GAIC policy offered coverage for an "occurrence," defined in the policy as an "accident." In state court, May alleged that the Insureds' "failure to relinquish" the IP rendered him unable to "move forward with the salvage operations, jeopardizing the recovery of what could be millions of dollars worth of gold bullion." May also alleged that he had, prior to commencing that action, "demanded that [the Insureds] relinquish possession" of IP that he believed was "important, if not critical" to any future salvage operations.

May contends that the Insureds' "wrongful deprivation" of his IP rights constitutes an "accident" under Washington law. The district court rejected this argument, and we agree. There has been no actual or alleged possibility of an "occurrence" because the loss of access to the IP was not the result of an "accident."

Under Washington law, an event is an "accident" only if *both* "the means as well as the result were unforeseen, involuntary, unexpected and unusual." *Detweiler v. J.C. Penney Cas. Ins. Co.*, 751 P.2d 282, 284 (Wash. 1988) (quoting *Unigard Mut. Ins. Co. v. Spokane Sch. Dist.*, 579 P.2d 1015, 1018 (Wash. 1978)). While an accident can, in theory, arise where there has been an intentional or deliberate act, an accident "is never present when a deliberate act is performed unless some additional unexpected, independent and unforeseen happening occurs" to bring about the damage or injury. *Id.* (quoting *Unigard*, 579 P.2d at 1018).

Here, there is no genuine dispute that the Insureds acted deliberately by withholding the IP, and it was foreseeable that refusing to deliver IP to May would result in a claim for damages. The district court was, therefore, correct to hold that May's complaint, "even liberally construed," indicates that the Insureds understood and foresaw the consequences of withholding the intellectual property from May, and "yet they willfully elected not to" yield it. We agree that such allegations do not raise any conceivable possibility of an "accident" and that the Insureds' actual liabilities in connection with the settlement were not caused by any "accident" under the policy.

May also brings extracontractual claims, all of which are derivative of his theory that GAIC unreasonably interpreted the insurance policy. Because GAIC's

4

interpretation of the insurance policy was reasonable, May's extracontractual claims fail.

**AFFIRMED.**