## ROGER EDWARDS, LLC, Plaintiff

v.

## FIDDES & SON, LTD., Defendant

### No. 02–105–P–DMC.

United States District Court,
D. Maine.

Dec. 22, 2005.

Thomas F. Hallett, Law Office of Thomas F. Hallett, Portland, ME, for Roger Edwards LLC, Plaintiff.

David Soley, Bernstein, Shur, Sawyer, & Nelson, Ronald W. Schneider, Jr., Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Fiddes & Son Ltd., Defendant.

### *ORDER ON SANCTIONS* [1]

COHEN, United States Magistrate Judge.

On February 16, 2005 I granted the defendant's motion for sanctions against the plaintiff and its counsel in connection with the plaintiff's motion for relief from judgment which was filed on July 22, 2004. Memorandum Decision on Defendant's Motion for Sanctions ("Sanctions Deci-

1. Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge David M. Cohen conduct all pro-ceedings in this case, including trial, and to order entry of judgment.

sion") (Docket No. 127) at 1. That decision ordered the plaintiff and its attorney to pay the defendant "an amount representing the reasonable attorney fees and other expenses incurred by the defendant in defending against the plaintiff's motion for relief from judgment." *Id.* at 8. The parties were directed to confer in an effort to reach agreement on this amount and, if agreement could not be reached, the defendant was directed to file a fee application no later than March 15, 2005, to which the plaintiff was directed to respond no later than 14 days after its filing. *Id.* On February 17, 2005 the plaintiff filed a notice of appeal of my order denying its motion for relief from judgment, Docket No. 128, and on May 9, 2005, the plaintiff filed a notice of appeal to the First Circuit from my decisions on the motion for sanctions and the plaintiff's motion for reconsideration of that decision, Docket No. 138. This court's file—which by then included the fee application, response and reply, Docket Nos. 131, 133–34 & 136, and the papers on the plaintiff's motion for reconsideration of the Sanctions Decision and my order denying same, Docket Nos. 130, 132, 135 & 137—was sent to the First Circuit, Docket at May 10, 2005, which denied the first appeal on October 31, 2005, Docket No. 141.

By order dated December 14, 2005 the First Circuit has directed me to "set the specific amount of sanctions to be imposed against Roger Edwards," Order of Court (Docket No. 143) at 1, while it retains jurisdiction over the plaintiff's May 9 appeal. I now proceed to do so.

The defendant seeks an award of $9,271.10. Defendant's Application for Attorneys' Fees ("Application") (Docket No. 131) at 4. This includes $6,001.50 in attorney fees in connection with the motion for relief from judgment; $3,246.50 in attorney fees in connection with the motion for

sanctions; and $23.10 in costs. *Id.* at 4–5. The plaintiff does not contest the hourly rates included in the defendant's application for attorney fees nor does it challenge any of the specific hours billed by the defendant's attorneys. Rather, it argues that the fees sought are not reasonable because an award in the amount sought will not serve the goals of deterrence, compensation and punishment, largely for reasons already advanced by the plaintiff when it opposed the motion for sanctions. Plaintiff's Objection to Defendant's Application for Attorney's Fees ("Opposition") (Docket No. 133) at 2–4. That particular ship has already sailed. The plaintiff suggests that "a more reasonable fee would be $3,000," *id.* at 4, although it provides no reasoned basis for its choice of this figure.

The plaintiff's only other argument contends that no fees should be awarded for defense counsel's work on the motion for sanctions, because "this Court declined to award such fees." *Id.* at 1. The language of my decision, quoted above, makes no reference to costs or fees incurred by the defendant in bringing the motion for sanctions. The defendants did request an award that would include such costs and fees. Defendant's Motion for Sanctions Pursuant to Fed.R.Civ.P. 11, etc. (Docket No. 108) at 2. Indeed, Rule 11 specifically allows for the recovery of such costs and fees. Fed.R.Civ.P. 11(c)(1)(A). The fact that the last paragraph of my decision on the motion for sanctions mentions only attorney fees associated with the motion for reconsideration does not mean that the defendant's request for fees associated with the motion for sanctions itself was denied *sub silentio*. At most, it meant that the absence of language directly addressing that claim was an oversight on my part. The defendant is entitled to some monetary sanction with respect to that motion as well, particularly where, as here, the defendant's sanctions motion was provided to counsel for the plaintiff 45

days before it was filed, giving the plaintiff more than enough time to withdraw the motion for reconsideration.

■ The fees and expenses available include those incurred in bringing the motion for sanctions, the only means available to a party by which to obtain sanctions under Rule 11. *Margolis v. Ryan,* 140 F.3d 850, 854–55 (9th Cir.1998).

■ That is not the end of the inquiry, however. The rule requires that the fees awarded be reasonable and also provides that the court may award only a portion of the fees actually incurred. Fed.R.Civ.P. 11(c)(2). I consider the 40 hours of attorney time charged by counsel for the defendant in connection with the defendant's opposition to the motion for reconsideration and the 21.8 hours of attorney time charged in connection with the motion for sanctions to be excessive. The lack of merit of the motion for reconsideration was readily apparent. I accordingly will order a sanction running against both the plaintiff and its present counsel representing 20 hours of attorney time in connection with the motion for reconsideration at the rate of $145 per hour for 19 hours and $225 per hour for one hour; 10 hours of attorney work on the motion for sanctions at $155 per hour;[2] and costs of $23.10, for a total of $4,553.10.

The plaintiff and its counsel are jointly and severally liable for the payment of this sanction. They are hereby **ORDERED** to pay the defendants $4,553.10 as a sanction for violation of Rule 11 as set forth in my decision on the motion for sanctions (Docket No. 127).

2. This rate represents a weighted average of the two hourly rates charged by attorney Schneider over the relevant period of time.