**Michael Lee WILLIAMS, Plaintiff–Appellant,**

v.

**SANTA CRUZ COUNTY SHERIFF'S DEPARTMENT; et al., Defendants– Appellees.**

**No. 06–15626.**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 5, 2007.*

Filed June 11, 2007.

Michael Lee Williams, Soledad, CA, pro se.

Julia A. Hill, Esq., Santa Cruz, CA, for Santa Cruz County Sheriff's Department, Craig Wilson, Det. Sgt., James Skillicorn, Sgt., James Thurber, Deputy, Amy Christey, Deputy and Roy Morales, Deputy.

Office of the County Counsel County of Monterey, Salinas, CA, for Terence Rahiri, Deputy.

Frank G. Tiesen, Esq., for Randall Ragsac, Deputy.

Jon R. Giffen, Esq., Kennedy Archer & Harray, Monterey, CA, for Watsonville Community Hospital, Michael L. McGannon, M.D., Augustina Vargas, RN and Marge Bailey, LVN.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Michael Lee Williams, a California state prisoner, appeals pro se from the district court's summary judgment in favor of the Santa Cruz County Sheriff's Department and others in Williams' 42 U.S.C. § 1983 action alleging that he was subjected to excessive force and unreasonable searches after escaping from custody. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam),

and we review for abuse of discretion its decision not to permit further discovery, *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.1998). We affirm.

The district court properly granted summary judgment on Williams' unreasonable search claims because Williams did not raise a genuine issue of material fact as to whether the blood draw and x-ray exam were unreasonable given the articulated justifications for the searches. *See Bell v. Wolfish*, 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

The district court properly granted the unopposed summary judgment motion of defendants Rahiri and Ragsac because the defendants' papers demonstrated the absence of a genuine issue of material fact as to whether their use of force violated Williams' Eighth Amendment rights. *See Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir.2002) (no constitutional violation if force is applied "in a good faith effort to restore discipline and order and not maliciously and sadistically for the very purpose of causing harm") (internal quotation marks and citation omitted); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (district court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact).

The district court properly denied Williams' motion to lift the discovery stay. *See Margolis*, 140 F.3d at 853 (party seeking additional discovery to oppose a motion for summary judgment must make clear "what information is sought and how it would preclude summary judgment").

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Williams' remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.