*533 MEMORANDUM**
Brenda Duffey appeals from the district court’s judgment and argues that the court erred when it granted summary judgment to the Oregon Youth Authority, its employee, Clint McClellan, and, in part, to her employer, Linn Benton Lincoln Education Service District (ESD). ESD appeals from the judgment entered against it. We affirm.
We have reviewed the record and we agree with the district court that Duf-fey failed to submit evidence that would permit a reasonable juror to determine[1] that OYA or McClellan retaliated or discriminated against her in any way. Thus, the district court did not err when it granted summary judgment in their favor on her Rehabilitation Act claim[2] and on her 42 U.S.C. § 1983 claim based on the First Amendment to the United States Constitution,[3] respectively. Moreover, whatever else might be said about the actions of ESD, Duffey did not come close to presenting sufficient evidence to show that her difficulties with ESD rose to a level where her working conditions were so intolerable and discriminatory that “a reasonable person would feel forced to resign.” Schnidrig v. Columbia Mach., Inc., 80 F.3d 1406, 1412 (9th Cir.1996); see also Hardage v. CBS Broad., Inc., 427 F.3d 1177, 1184 (9th Cir.2005); Brooks v. City of San Mateo, 229 F.3d 917, 930-31 (9th Cir.2000). Similarly, she did not produce sufficient evidence to sustain a claim that ESD’s acts “ ‘constituted an extraordinary transgression of the bounds of socially tolerable conduct,’ ” which is a determination that would be necessary under Oregon Law for a judgment in her favor based on intentional infliction of emotional distress. McGanty v. Staudenraus, 321 Or. 532, 901 P.2d 841, 849 (1995); see also Harris v. Pameco Corp., 170 Or.App. 164, 12 P.3d 524, 529 (2000).
We, therefore, affirm the district court’s grants of summary judgment.
ESD appeals the district court’s denial of its motion for judgment as a matter of law on Duffey’s Rehabilitation Act claim against it. Upon de novo review,[4] we cannot say that the district court erred when it determined that a reasonable juror could find in favor of Duffey.[5] In the first place, Garcetti,[6] simply does not apply to this claim. It dealt only with First Amendment claims,[7] and noted that other laws (civil and criminal) existed to protect employees.[8] Secondly, when presenting its motion, ESD conceded that Duffey had engaged in a protected activity; under our case law, a reasonable juror could determine that an adverse employment action had been taken against Duffey by ESD,[9] *534 and, because ESD knew of her complaints and the action in question was taken rather soon thereafter, a reasonable juror could find the necessary nexus.[10] Moreover, although ESD may have established that it could have taken the action in question anyway, the jury was not bound to decide that it would have done so. See Settlegoode v. Portland Pub. Sch., 371 F.3d 503, 512 (9th Cir.2004).
AFFIRMED.[11] The parties shall bear their own costs on appeal.

 The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

. See Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998).

. See Rehabilitation Act of 1973 § 504, 29 U.S.C. § 794 (1978).

. See, e.g., Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir.2003). Because she has not shown the elements of a claim in any event, we need not consider the effect of Garcetti v. Ceballos, 547 U.S. 410, 421-23, 424-26, 126 S.Ct. 1951, 1960, 1962, 164 L.Ed.2d 689 (2006) on her claims.

. See Kuntz v. Lamar Corp., 385 F.3d 1177, 1185 n. 8 (9th Cir.2004).

. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000).

. 547 U.S. at 424-26, 126 S.Ct. at 1962.

. Id.

. Id.

. See, e.g., Coszalter, 320 F.3d at 976-77.

. See Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 850 (9th Cir.2004); Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 751 (9th Cir.2001); cf. Clark County Sch. Dist. v. Bree-den, 532 U.S. 268, 272-74, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (holding that time proximity alone is not enough).

. Appellees' Motion to Correct the Record on Appeal is DENIED as moot; the document in question appears in the record already.