Michelle MYERS; Robert Nolan; Joel Silva, Plaintiffs—Appellees,

v.

CITY OF HERMOSA BEACH; Michael Lavin, individually and as a peace officer, Defendants,

and

Raul Saldana, Sargeant, individually; Michael Frilot, as a peace officer and individually; Todd Lewitt, as a peace officer and individually, Defendants—Appellants.

No. 07–55932.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Nov. 7, 2008.

Thomas E. Beck, Esquire, The Beck Law Firm, Los Alamitos, CA, for Plaintiffs–Appellees.

S. Frank Harrell, Esquire, Lynberg and Watkins a Professional Corporation, Orange, CA, for Defendants.

S. Frank Harrell, Esquire, Christopher D. Whyte, Esquire, Lynberg & Watkins, Orange, CA, Gregory E. Stone, Esquire, Stone Rosenblatt & Cha, Woodland Hills, CA, for Defendants–Appellants.

Before: FERNANDEZ, CALLAHAN, and IKUTA, Circuit Judges.

### MEMORANDUM *

Sargeant Raul Saldana and officers Michael Frilot and Todd Lewitt appeal the district court's denial of their motion for qualified immunity on claims by Michelle Myers, Robert Nolan and Joel Silva for violation of their constitutional rights under the Fourth Amendment to the United States Constitution. *See* 42 U.S.C. § 1983. We affirm in part and reverse in part.

We review the district court's denial of the qualified immunity claims de novo. *See Johnson v. County of Los Angeles,* 340 F.3d 787, 791 (9th Cir.2003); *Grant v. City of Long Beach,* 315 F.3d 1081, 1088 (9th Cir.2002). In so doing, we must first ask: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated

a constitutional right?" *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). Of course, if one party's version of the facts is "blatantly contradicted by the record" that version need not be accepted. *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). If we find a violation of a constitutional right, we must then ask whether that right is clearly established. *Saucier,* 533 U.S. at 201, 121 S.Ct. at 2156. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202, 121 S.Ct. at 2156; *see also Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

█ (1) Frilot asserts that the district court erred when it denied qualified immunity on Myers' false arrest claim. We disagree. Taking the facts in the light most favorable to Myers, Frilot arrested her without probable cause. *See Torres v. City of Los Angeles,* 540 F.3d 1031, 1045 (9th Cir.2008); *Dubner v. City and County of San Francisco,* 266 F.3d 959, 964 (9th Cir.2001). She had not obstructed the officers. *See Smith v. City of Hemet,* 394 F.3d 689, 695 (9th Cir.2005) (en banc) (setting out elements of violation of Cal.Penal Code § 148(a)(1)); *Mackinney v. Nielsen,* 69 F.3d 1002, 1007 (9th Cir.1995) (discussing mere verbal protests). Moreover, she was not subject to arrest for public intoxication. *See* Cal.Penal Code § 647(f). Finally the lack of probable cause to arrest her was clearly established under the circumstances of this case. *See Mackinney,* 69 F.3d at 1007; *see also Saucier,* 533 U.S. at 201–02, 121 S.Ct. at 2156–57. The district court did not err.[1]

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Saldana has not made a separate argument, and for these purposes we treat his liability, if any, and his claim of immunity as a derivative of Frilot's.

(2) Lewitt asserts that the district court erred when it denied qualified immunity on Silva's false arrest claim. Again, we disagree. If the evidence is viewed most favorably to Silva, as it must be, the same principles which demonstrate that Frilot is not entitled to qualified immunity as to Myers also demonstrate that, on this record, Lewitt is not entitled to qualified immunity as to Silva's false arrest claim.[2]

■ (3) Lewitt next argues that the district court erred when it denied qualified immunity on Silva's excessive force claim against him. We disagree. An officer must limit the use of force to an amount that is objectively reasonable under the circumstances. See *Graham v. Connor*, 490 U.S. 386, 396–97, 109 S.Ct. 1865, 1871–72, 104 L.Ed.2d 443 (1989); *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir.2007) (stating force proper only when there is a need for force); *Winterrowd v. Nelson*, 480 F.3d 1181, 1184 (9th Cir.2007) (same). However, the Court has also insisted that not every "push or shove" should be seen as a violation of the Fourth Amendment. *Saucier*, 533 U.S. at 209, 121 S.Ct. at 2160; *Graham*, 490 U.S. at 396, 109 S.Ct. at 1872. Moreover, we must account for an officer's need to make split-second decisions in the field. *Graham*, 490 U.S. at 396–97, 109 S.Ct. at 1872. The district court specifically discussed and Silva points to the fact that Lewitt punched or otherwise forcefully hit him on the back of the head for no apparent reason whatsoever. No reasonable officer could have thought that a gratuitous blow of that nature was proper.[3] Thus, denial of qualified

immunity as to Silva's excessive force claim was proper.[4]

■ (4) Saldana, Frilot and Lewitt assert that the district court erred when it denied them qualified immunity on the claim of malicious prosecution. We agree. No doubt malicious prosecution is a possible constitutional claim. See *Blankenhorn*, 485 F.3d at 482. But we have exercised some care in this area lest a police officer's lot become more "unfortunate" than it already is. *Smiddy v. Varney*, 665 F.2d 261, 267 (9th Cir.1981). Thus, when a criminal complaint has been filed by the prosecutor, we presume that the causal chain has been broken because the prosecutor has exercised his own independent judgment under the circumstances. *Id.* That presumption can be overcome. *Id.* at 266–67; see also *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir.2008). That may be accomplished by showing facts that suggest fabrication of police reports: for example, contradictory police reports or contradiction of the police by independent witnesses. See *Sloman v. Tadlock*, 21 F.3d 1462, 1474 (9th Cir.1994). However, merely showing that the plaintiff's version differs from that of the defendant's is not enough. See *Newman v. County of Orange*, 457 F.3d 991, 995 (9th Cir.2006). Were it otherwise, the presumption would be effectively nullified. *Id.* But because the plaintiffs' proffered independent witness statements were inconclusive and were not inconsistent with the police reports, that, essentially, is all that Myers, Silva and Nolan have shown here. Therefore, there is no evidence from which a reasonable jury could find that the wrongdoing in question occurred.

---

**2.** As with Myers, we treat Saldana in the same way as we treat Lewitt for this purpose.

**3.** In addition Silva complains that Lewitt kicked his legs a few inches further apart after Silva, himself, did not further spread them when asked. He also claims that his arm suffered bruises when Lewitt held it to

preclude Silva from reaching out to Saldana. The district court did not specifically comment on these uses of force which, while quite minor, do at least add verisimilitude to Silva's claim.

**4.** Saldana was not implicated in this claim of wrongdoing.

The officers were entitled to qualified immunity on this claim.

 (5) Silva, Frilot and Lewitt finally assert that the district court erred when it denied them qualified immunity on the claim of conspiracy. Again, we agree. Before a conspiracy claim can be sustained, a plaintiff must show a meeting of the minds by the so-called conspirators. *See Mendocino Envt'l Center v. Mendocino County,* 192 F.3d 1283, 1301 (9th Cir. 1999). No doubt, circumstantial evidence can establish that. *Id.* at 1301–02. However, the evidence adduced must demonstrate more than the mere fact that two people did or said the same thing; the evidence must actually point to an agreement. *See Margolis v. Ryan,* 140 F.3d 850, 853 (9th Cir.1998); *Ting v. United States,* 927 F.2d 1504, 1512–13 (9th Cir. 1991). Here, similarity of actions is the most that the submitted evidence shows.

Indeed, to treat the fact that the reports describe the same events essentially the same way as a showing of a conspiracy would cause tension with the concept that the existence of differing reports suggests malicious prosecution. *See Sloman,* 21 F.3d at 1474. Either way, wrongdoing would be inferred; a policeman's lot would, indeed, be unfortunate were that the case. In fine, there is no evidence from which a reasonable jury could find a conspiracy to deprive Myers, Silva and Nolan of their constitutional rights. The officers were entitled to qualified immunity on this claim.

AFFIRMED in part [5] and REVERSED in part. The parties shall bear their own costs on appeal.

---

5. We hasten to add that our statements regarding the facts are merely meant to reflect a reading of the record as it now stands, and are not intended to preclude the development of the evidence or to establish the law of the case as to those facts.