MEMORANDUM*
Samuel Marullo appeals the district court’s grant of summary judgment on the basis of qualified immunity to Steven Say-lor, Don Jones, Donovan Sellan and Jaime Ramirez, all of whom are officers with the City of Hermosa Beach Police Department. We affirm in part and reverse in part.
We review the district court’s denial of the qualified immunity claims de novo. See Johnson v. County of Los Angeles, 340 F.3d 787, 791 (9th Cir.2003); Grant v. City of Long Beach, 315 F.3d 1081, 1088 (9th Cir.2002). In so doing, we must first ask: “Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer’s conduct violated a constitutional right?” Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). Of course, if one party’s version of the facts is “blatantly contradicted by the reeoi"d” that version need not be accepted. Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). If we find a violation of a constitutional right, we must then ask whether that right is clearly established. Saucier, 533 U.S. at 201, 121 S.Ct. at 2156. “The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.” Id. at 202, 121 S.Ct. at 2156; see also Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).
(1) Marullo asserts that the district court erred when it granted qualified immunity to Saylor and Jones on Marullo’s false arrest claim. We agree. Taking the facts in a light most favorable to Marullo, he was arrested by Saylor and Jones without probable cause. See Torres v. City of Los Angeles, 540 F.3d 1031, 1045 (9th Cir.2008); Dubner v. City and County of San Francisco, 266 F.3d 959, 964, 966 (9th Cir.2001). He had not obstructed the officers. See Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir.2005) (en banc) (setting out elements of violation of Cal.Penal Code § 148); Mackinney v. Nielsen, 69 F.3d 1002, 1007 (9th Cir.1995) (discussing mere verbal protests). Moreover, taking the facts in a light most favorable to Marullo, he was not subject to arrest for public intoxication. See Cal.Penal Code Section 647(f). Similarly, the facts thus interpreted do not provide probable cause to believe that Marullo was fighting in public, or disturbing the peace, or using words that would likely provoke violence. See Cal.Penal Code § 415. Furthermore, as the officers admitted, he was arrested before they discovered that he had a concealed weapon. See Cal.Penal Code § 12025. Thus, the presence of that weapon could not justify the arrest. See Allen v. City of Portland, 73 F.3d 232, 236-37 (9th Cir.1995); see also United States v. Miles, 247 F.3d 1009, 1015 (9th Cir.2001). Finally the lack of probable cause to arrest him was clearly established under the circumstances of this case. See Mackinney, 69 F.3d at 1007; see also Saucier, 533 U.S. at 201-02, 121 S.Ct. at 2156-57. The district court erred.
(2) Marullo next asserts that the district court erred when it granted quali *629 fied immunity to Ramirez on Marullo’s false arrest claim. We disagree. Essentially, Marullo seeks to hold Ramirez responsible on the basis of respondeat superior. That he cannot do. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002). Ramirez cannot be held to answer simply because he was the supervisor of Saylor and Jones. See Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir.1993). He was not at the scene of the arrest, and his reliance on the statements of the other officers was not improper. See Choi v. Gaston, 220 F.3d 1010, 1012-13 (9th Cir.2000) (per curiam); Guerra v. Sutton, 783 F.2d 1371, 1375 (9th Cir.1986). Therefore, Ramirez did not acquiesce in or show “a reckless or callous indifference” to Marul-lo’s constitutional rights. See Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir.2000).
(3) Marullo also asserts that the district court erred when it granted summary judgment to Ramirez on Marullo’s claim that Ramirez violated his due process rights when he did not administer a breathalyzer test. But Ramirez had no constitutional duty to administer a test or to otherwise obtain and preserve information regarding Marullo’s blood alcohol level; and Marullo has not presented sufficient evidence that Ramirez’ failure to do so was in bad faith. See Arizona v. Youngblood, 488 U.S. 51, 59, 109 S.Ct. 333, 338, 102 L.Ed.2d 281 (1988); California v. Trombetta, 467 U.S. 479, 488-89, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984); United States v. Hernandez, 109 F.3d 1450, 1455 (9th Cir.1997); Miller v. Vasquez, 868 F.2d 1116, 1120-21 (9th Cir.1989). The district court did not err.
(4) Marullo then argues that the district court erred when it granted Say-lor, Jones and Sellan qualified immunity on his claim of malicious prosecution. We do not agree. No doubt malicious prosecution is a possible constitutional claim. See Blankenhorn v. City of Orange, 485 F.3d 463, 482 (9th Cir.2007); Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995). But we have exercised some care in this area lest a police officer’s lot become more “unfortunate” than it already is. Smiddy v. Varney, 665 F.2d 261, 267 (9th Cir.1981). Thus, when a criminal complaint has been filed by the prosecutor, we presume that the causal chain has been broken because the prosecutor has exercised his own independent judgment under the circumstances. Id. That presumption can be overcome. Id.; see also Beck v. City of Upland, 527 F.3d 853, 862 (9th Cir.2008). That may be accomplished by showing facts that suggest fabrication of police reports: for example, contradictory police reports or contradiction of the police by independent witnesses. See Sloman v. Tadlock, 21 F.3d 1462, 1474 (9th Cir.1994). However, merely showing that the plaintiffs version differs from that of the defendant’s is not enough. See Newman v. County of Orange, 457 F.3d 991, 995 (9th Cir.2006). Were it otherwise, the presumption would be effectively nullified. Id. But because neither the video nor the booking photograph was sufficiently probative, that, essentially, is all that Marullo has shown here. Therefore, there is no evidence from which a reasonable jury could find that the wrongdoing in question occurred. The officers were entitled to qualified immunity on this claim.
(5) Finally, Marullo asserts that the district court erred when it granted Saylor, Jones and Sellan qualified immunity on his conspiracy claim. The district court did not err. Before a conspiracy claim can be sustained, a plaintiff must put in evidence of a meeting of the minds by the so-called conspirators.' See Mendocino Envtl. Center v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir.1999). No doubt, *630 circumstantial evidence can establish that. Id. at 1301-02. However, the evidence adduced must demonstrate more than the mere fact that two people did or said the same thing; the evidence must actually point to an agreement. See Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir.1998); Ting v. United States, 927 F.2d 1504, 1512-13 (9th Cir.1991). Here, similarity of actions is the most that the submitted evidence shows. Indeed, to treat the fact that the reports describe the same events essentially the same way as a showing of a conspiracy would cause tension with the concept that the existence of differing reports suggests malicious prosecution. See Sloman, 21 F.3d at 1474. Either way, wrongdoing would be inferred; a policeman’s lot would, indeed, be unfortunate were that the case. In fine, there is no evidence from which a reasonable jury could find a conspiracy to deprive Marullo of his constitutional rights. The officers were entitled to qualified immunity on this claim.
AFFIRMED in part and REVERSED[1] in part. The parties shall bear their own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. We hasten to add that our statements regarding the facts are merely meant to reflect a reading of the record as it now stands, and are not intended to preclude the development of the evidence or to establish the law of the case as to those facts. Marullo asks that we remand the case to a different district judge. We see no reason so to do. See McCalden v. Cal Libraiy Ass'n, 919 F.2d 538, 547 (9th Cir.1990); Davis & Cox v. Summa Corp., 751 F.2d 1507, 1523 (9th Cir.1985); United States v. Frias-Ramirez, 670 F.2d 849, 853 n. 6 (9th Cir.1982).