**James Henry RINCKER,**
**Plaintiff–Appellant,**

v.

**OREGON DEPARTMENT OF CORRECTIONS; et al.,**
**Defendants–Appellees.**

**No. 07–35624.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 26, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument and therefore denies appellant's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

James Henry Rincker, Umatilla, OR, pro se.

Erin C. Lagesen, Richard D. Wasserman, Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before: ALARCÓN, LEAVY and TALLMAN, Circuit Judges.

## MEMORANDUM ***

James Henry Rincker, an Oregon state prisoner, appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging constitutional violations arising from his conditions of confinement. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo and may affirm on any basis supported by the record. *Valdez v. Rosenbaum,* 302 F.3d 1039, 1043 (9th Cir.2002). We affirm.

The district court properly granted summary judgment on Rincker's Eighth Amendment claim against defendants Williams, Czerniak, Belleque and Kelly because Rincker failed to allege personal involvement. *See Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002) (stating that there is no respondeat superior liability under § 1983, and must be a showing of personal participation in the alleged deprivation of rights).

The district court properly granted summary judgment on Rincker's Eighth Amendment claim against defendants Webb and Mitchell because Rincker failed to raise a triable issue as to whether he was denied the "minimal civilized measures of life's necessities." *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

The district court properly granted summary judgment on Rincker's due process claim because he failed to raise a triable issue as to whether his transfer to the Intensive Management Unit imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

The district court did not abuse its discretion in denying Rincker's motion to appoint an expert witness, as this case does not involve complex scientific issues or evidence. *See McKinney v. Anderson,* 924 F.2d 1500, 1511 (9th Cir.), *vacated on other grounds sub nom. Helling v. McKinney,* 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991).

The district court did not abuse its discretion in denying Rincker's motion to appoint counsel because this case does not present exceptional circumstances justifying the appointment of counsel. *See Wood v. Housewright,* 900 F.2d 1332, 1335–36 (9th Cir.1990) (explaining that the ordinary difficulties confronted by a litigant proceeding pro se do not constitute extraordinary circumstances).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not abuse its discretion by denying Rincker's motion to compel discovery because Rincker failed to show how the evidence he sought would preclude summary judgment. *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).

Rincker's letter dated December 28, 2007, is construed as a reply brief. We are unpersuaded by Rincker's remaining contentions, including those raised in the reply brief.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument and therefore denies appellant's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.