**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

ALWIN SMITH,

        Plaintiff - Appellant,

  v.

CALIFORNIA SUBSTANCE ABUSE
AND TREATMENT FACILITY; et al.,

        Defendants - Appellees.

No. 09-15265

D.C. No. 1:06-cv-01124-NVW

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Neil V. Wake, District Judge, Presiding

Submitted March 16, 2010 [**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Alwin Smith, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants

were indifferent to his serious medical needs by denying him adequate care

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

IL/Research

09-15265

following cervical disc surgery. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and for abuse of discretion the district court's discovery rulings, *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Smith's Eighth Amendment claim. Defendants presented uncontroverted evidence that defendant Nguyen examined Smith in connection with his complaints following spinal surgery, Nguyen ordered a further neurological examination and that examination revealed no condition requiring medical attention. Accordingly Smith failed to raise a triable issue as to whether the treatment of his symptoms following cervical disc surgery constituted deliberate indifference. *See Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (explaining that prison officials manifest a deliberate indifference to a prisoner's medical needs when they intentionally deny, delay or interfere with medical treatment); *Toguchi*, 391 F.3d at 1059-60 (concluding that a difference of opinion concerning the appropriate course of treatment generally does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Smith's motion for additional discovery because Smith did not show that additional discovery would

uncover specific facts which would preclude summary judgment. *See Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998) (upholding denial of discovery motion where "appellants failed to identify facts, either discovered or likely to be discovered, that would support their § 1983 claim").

**AFFIRMED.**