FILED

UNITED STATES COURT OF APPEALS                MAY 19 2010

FOR THE NINTH CIRCUIT                MOLLY C. DWYER, CLERK
                                       U.S. COURT OF APPEALS

EDWARD G. ONTIVEROS,                      No. 08-15556

              Plaintiff - Appellant,     D.C. No. 06-CV-00233-LKK
                                         Eastern District of California,
   v.                                    Sacramento

SCOTT KERNAN; et al.,

              Defendants - Appellees.    ORDER

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

       We instruct the Clerk to withdraw the memorandum disposition filed on

March 9, 2010, and to file the attached memorandum disposition simultaneously

with this order.

       We deny Edward G. Ontiveros's petition for panel rehearing.

       We deny Ontiveros's renewed request for appointment of counsel.  We deny

Ontiveros's request for judicial notice of the 2004 parole hearing transcript because

this document is already part of the record on appeal.

       No further filings will be accepted in this closed case.

| | |
|---|---|
| EDWARD ONTIVEROS, | No. 08-15556 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-00233-LKK |
| v. | |
| SCOTT KERNAN; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted February 16, 2010**

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

California state prisoner Edward Ontiveros appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging due process

violations by prison officials.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

_____

      *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and may affirm on any grounds supported by the record, *United States v. State of Washington*, 969 F.2d 752, 755 (9th Cir. 1992). We affirm.

The district court properly granted summary judgment on Ontiveros's claim that defendants violated his due process rights in two disciplinary hearings because the undisputed evidence shows that as a result of Ontiveros's successful grievances the prison officials overturned all disciplinary action arising from these hearings. Summary judgment was proper as to Ontiveros's claim that the informational chronos that remain in his file, and the dismissed rules violations report or reports that apparently remain in his file, influenced past parole decisions or are likely to influence future parole board decisions; "the possibility of denial of parole at some later date does not amount to the denial of a liberty interest." *Burnsworth v. Gunderson*, 179 F.3d 771, 774 n.3 (9th Cir. 1999). Because Ontiveros cannot show the denial of a protected right, he cannot obtain an order expunging the documents. *See id*. at 773 ("[A] district court commits error if it orders expungement of a disciplinary conviction after concluding that defendants had not violated plaintiff's rights."); *see also Sandin v. Conner*, 515 U.S. 472, 487 (1995) ("The chance that a finding of misconduct will alter the balance [at a prisoner's

parole hearing] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause").

The district court did not abuse its discretion in denying Ontiveros's request for additional discovery under Rule 56(f) because Ontiveros did not show how allowing him additional discovery would have precluded summary judgment. *See Margolis v. Ryan*, 140 F.3d 850, 853–54 (9th Cir. 1998) (reviewing for an abuse of discretion the denial of Rule 56(f) motion and upholding denial where "appellants failed to identify facts, either discovered or likely to be discovered, that would support their § 1983 claim").

Ontiveros's remaining contentions are unpersuasive.

Ontiveros's motion for appointment of counsel is denied.

**AFFIRMED.**