**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARLEN PORTER SMITH,

        Plaintiff - Appellant,

  v.

MICHAEL WASHINGTON, individually
and in his official capacity as a member of
the Oregon State Board of Parole; et al.,

        Defendants - Appellees.

No. 09-35157

D.C. No. 3:05-cv-06301-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

    Arlen Porter Smith, an Oregon state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, appellant's
request for oral argument is denied.

violations in connection with parole hearings and his access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (dismissal under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (dismissal for failure to exhaust administrative remedies). Where the district court fails to address a Rule 56(f) motion prior to granting summary judgment, we review de novo its implicit decision not to permit additional discovery. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). We affirm.

The district court properly dismissed Smith's claims regarding defendants' refusal to reinstate forfeited good-time credits because Smith did not allege that the decision had been invalidated. *See Heck*, 512 U.S. at 486-87 (barring section 1983 actions when judgment in favor of the plaintiff would necessarily imply the invalidity of a sentence not otherwise invalidated); *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (applying *Heck* to section 1983 claim that implicated the revocation of good time credits).

The district court properly dismissed Smith's access-to-courts and retaliation claims because Smith failed to exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 90, 95 (2006) ("proper exhaustion" under 42

U.S.C. § 1997e(a) is mandatory and requires adherence to administrative procedural rules).

The district court did not abuse its discretion by denying Smith's request for additional discovery under Rule 56(f) because Smith did not show how allowing him additional discovery would have precluded summary judgment. *See Margolis*, 140 F.3d at 853-54 (upholding implicit denial of Rule 56(f) discovery motion where appellant failed to identify facts, either discovered or likely to be discovered, that would preclude summary judgment).

Contrary to Smith's contention, the district court did not abuse its discretion by denying further leave to amend. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint, . . . the district court's discretion to deny leave to amend is particularly broad.") (citation and internal quotation marks omitted).

Smith's remaining contentions are unpersuasive.

**AFFIRMED.**