FILED

**NOT FOR PUBLICATION**

MAR 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KOUICHI TANIGUCHI,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>KAN PACIFIC SAIPAN, LTD., doing<br>business as Marianas Resort and Spa,<br><br>             Defendant - Appellee. | No. 09-15212<br><br>D.C. No. 1:08-cv-00008<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Argued and Submitted October 14, 2010
Honolulu, Hawaii

Before: HAWKINS, McKEOWN and RAWLINSON, Circuit Judges.

   Appellant Kouichi Taniguchi (Taniguchi) fell through a deck on Kan Pacific

Saipan, Ltd.'s (Kan Pacific) premises.  Taniguchi challenges the district court's

grant of summary judgment in favor of Kan Pacific.  Taniguchi also challenges the

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

district court's failure to apply *res ipsa loquitur* and to consider Kan Pacific's alleged spoilation of evidence[1].

**1.** Taniguchi contends that the district court erred in granting summary judgment in favor of Kan Pacific. We review *de novo* entry of summary judgment with all reasonable inferences viewed in the light most favorable to the non-moving party. *See Villiarimo v. Ahoha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). We then decide if any genuine issue of material fact exists, and if the district court "correctly applied the relevant substantive law." *Id.* (citation omitted). To avoid summary judgment, a party must provide evidence, going beyond the pleadings and mere assertions, with specific facts to establish a genuine issue of material fact. *See Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

Taniguchi did not provide sufficient evidence to raise a material issue of fact in view of the declaration of Kan Pacific's agent regarding Kan Pacific's lack of negligence. Therefore, we affirm the district court's decision granting summary judgment in favor of Kan Pacific. *Id.*

---

[1] Taniguchi's challenge to the district court's award of costs to Kan Pacific is resolved in a separate opinion filed contemporaneously with this disposition.

**2.**     Taniguchi contends that the district court should have addressed the issue of whether Kan Pacific engaged in spoilation of evidence, which was raised in a motion for sanctions.  However, the district court dismissed all pending motions as moot after granting summary judgment in favor of Kan Pacific.  We have held that a district court has discretion to declare pending motions moot when a party cannot "provide any basis or factual support for his assertions . . ." *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998).  In this case, Taniguchi cannot "provide any basis or factual support for his assertions," *id.*, because Kan Pacific destroyed the damaged wood from the deck in the ordinary course of business.  *See United States v. $40,955.00 in United States Currency*, 554 F.3d 752, 758 (9th Cir. 2009) (explaining that no spoilation occurs when the accused party destroys or disposes of evidence in the ordinary course of business).

**3.**     Taniguchi contends that the district court did not consider the doctrine of *res ipsa loquitur* when ruling on the summary judgment motion and that he was entitled to have a *res ipsa loquitur* charge given to the jury.  However, Taniguchi did not advance this theory in the district court.

     We generally will not review an issue initially raised on appeal.  *See United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989).  Neither will we re-frame the

3

cause of action and essentially review a different cause of action than that decided by the district court. *See Robb v. Bethel School Dist. #403*, 308 F.3d 1047, 1052 n. 4 (9th Cir. 2002).

**AFFIRMED.**