**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID B. PORTEE, | No. 11-17246 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-03566-RS |
| v. | |
| J. ALVARADO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted July 17, 2012[**]

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

California state prisoner David B. Portee appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action. We have jurisdiction

under 28 U.S.C. § 1291. While we review for abuse of discretion a district court's

decision not to permit further discovery, if, as here, the district court fails to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

address the motion before granting summary judgment, we review de novo.

*Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).  We affirm.

The district court properly declined to permit further discovery on the issue

of liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), because

Portee was unable to show an underlying due process violation to support a *Monell*

claim.  *See Jackson v. City of Bremerton*, 268 F.3d 646, 653-54 (9th Cir. 2001)

("Neither a municipality nor a supervisor . . . can be held liable under § 1983

where no injury or constitutional violation has occurred."); *see also Chance v. Pac-*

*Tel Teltrac, Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (the burden is on the

party seeking additional discovery to proffer sufficient facts to show that the

evidence sought exists, and that it would prevent summary judgment).

The district court did not err in declining to address Portee's request for a

continuance because an order granting summary judgment necessarily implies

denial of the requested continuance.  *See Margolis*, 140 F.3d at 853 (9th Cir.

1998).

Portee's remaining contentions, including his assertion that the district court

violated its own discovery order, are unpersuasive.

**AFFIRMED.**