**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN MATTOX,<br><br>              Plaintiff - Appellant,<br><br>    v.<br><br>LEA ANN CHRONES, NKSP Warden; et al.,<br><br>              Defendants - Appellees. | No. 11-17788<br><br>D.C. No. 1:08-cv-01265-FRZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Frank R. Zapata, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

California state prisoner John Mattox appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

and excessive force.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Mattox's deliberate indifference claim against Correctional Officer Montez because Mattox failed to raise a genuine dispute of material fact as to whether Montez's conduct in connection with the confiscation of Mattox's handkerchief amounted to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to establish deliberate indifference, the prisoner must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference").

The district court properly granted summary judgment on Mattox's excessive force claim against Montez because Mattox failed to raise a triable dispute as to whether Montez used force maliciously and sadistically for the very purpose of causing harm. *See Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (explaining that core judicial inquiry in an excessive force action is whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm, and identifying factors for resolving such inquiry).

11-17788

The district court did not err in declining to address Mattox's motion to permit discovery before granting summary judgment. *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (providing the standard of review, and explaining that in making a motion for further discovery under Fed. R. Civ. P. 56, the movant must identify what information is sought and how it would preclude summary judgment). Nor did it abuse its discretion by denying Mattox's motion regarding his deposition transcript. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth the standard of review, and stating that a decision to deny discovery will not be disturbed absent a clear showing of actual and substantial prejudice).

Dismissal of Mattox's claims against defendant May was proper because Mattox failed to allege sufficient facts in his First Amended Complaint to show a causal connection between May's conduct and the alleged constitutional violations. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing the causation element of § 1983 claim in connection with a defendant supervisor); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (standard of review for a dismissal for failure to state a claim under 28 U.S.C. § 1915A).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

**AFFIRMED.**