**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | No. 13-15605 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02907-GEB-EFB |
| v. | |
| M. VEAL, Warden; et al., | MEMORANDUM AND ORDER[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted April 7, 2014
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

Jamisi Jermaine Calloway appeals the district court's entry of summary

judgment in favor of defendants on his Eighth Amendment claim. Reviewing de

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), we vacate the judgment and remand.[1]

The district court erred by entering judgment against Calloway—who appeared below in pro per and *in forma pauperis* while incarcerated—without providing him an appropriate opportunity to conduct discovery. "We have . . . held consistently that courts should construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). "Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." *Jones*, 393 F.3d at 930 (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988)). "Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim." *Id.* (quoting *Klingele*, 849 F.2d at 412).

---

[1] Although we normally review a district court's decision not to permit further discovery for abuse of discretion, where, as here, the court fails to address a pending request for additional discovery under Federal Rule of Civil Procedure 56(d), we review de novo. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).

Despite Calloway's efforts to obtain discovery that related to his claims of deliberate indifference, he was unreasonably rebuffed at every turn. The magistrate judge's scheduling order gave the parties a mere three-and-a-half months from the filing of the answer to complete discovery, and an additional two-and-a-half months to file dispositive motions. Calloway was diligent in attempting to obtain discovery, including serving two sets of written discovery, but defendants refused to respond to a single request, ostensibly because they were not directed to each defendant individually. Calloway's motion to compel was denied, even though he explained that the prison's copying quota prevented him from making enough copies to serve his discovery requests in time. By then discovery had closed, and as a consequence, Calloway was not provided any discovery whatsoever.

Defendants, on the other hand, were granted an extra 30 days to file a motion for summary judgment, which they did. Calloway opposed the motion, and also objected to the magistrate's Report and Recommendation (R&R) to grant the motion, because, among other things, he never received any discovery. Neither the magistrate nor the district judge addressed Calloway's express requests for discovery.

Considering the allowances that must be made for pro se prisoners, Calloway's opposition to summary judgment and the objections he lodged to the R&R can only be construed as a request under Federal Rule of Civil Procedure 56(d) for further discovery prior to judgment. His briefing plainly identifies the material factual issues that he was not permitted to investigate, and his written discovery requests detail the evidence he needs. These written requests appear relevant and narrowly tailored. For example, Calloway requested—but apparently never received—his complete medical records. Calloway requested the California Medical Facility's (CMF) contraband watch policy so that he could determine precisely what the written policy was and whether warden M. Veal was responsible for it.[2] Calloway also requested production of other prisoner's claims against the warden and Dr. Andreasen, which might lead to discovery of relevant evidence.

---

[2] Appellees contend that Calloway's request for judicial notice of CMF's contraband watch policy and mission statement is an untimely attempt to supplement the record. Appellees' position is not well received given that they stonewalled Calloway's public records request for the policy and refused to produce it to him on dubious legal grounds—yet promptly produced it without objection once Calloway obtained representation from the law firm of O'Melveny & Myers on appeal. In any case, we may take judicial notice of these materials as public records at any point in the proceedings, and do so now. *See* Federal Rule of Evidence 201(d).

On appeal, defendants claim, as they did below, that it was improper for Calloway to address his discovery requests to both defendants because the Federal Rules of Civil Procedure generally speak of serving discovery on "any other *party*," in the singular. *See, e.g.*, Fed. R. Civ. P. 33(a)(1) (emphasis added). That language hardly suggests that discovery directed to both defendants (represented by the same counsel) is defective, and defendants concede that there is no case law holding as much. Defendants are reminded of their obligation to refrain from engaging in obstruction of Calloway's reasonable discovery requests, particularly in light of the obvious disadvantages he faces in prosecuting this case. *Wanderer v. Johnston*, 910 F.2d 652, 653 (9th Cir. 1990).

Appellees shall be taxed for the costs of appeal.

**VACATED and REMANDED.**